## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| FG SRC LLC,<br><br>  Plaintiff,<br><br>v.<br><br>XILINX, INC.,<br><br>  Defendant. | Case No. 1:20-cv-00601-WCB<br><br>JURY TRIAL DEMANDED |

### PLAINTIFF FG SRC LLC'S OPENING BRIEF IN SUPPORT OF ITS MOTION TO AMEND SCHEDULING ORDER

Dated: March 7, 2022

Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
Tel: (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

SHORE CHAN LLP
Michael W. Shore* (mshore@shorechan.com)
Alfonso Garcia Chan* (achan@shorechan.com)
Ari B. Rafilson* (arafilson@shorechan.com)
William D. Ellerman* (wellerman@shorechan.com)
Paul T. Beeler* (pbeeler@shorechan.com)
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone (214) 593-9110
Facsimile (214) 593-9111

*Counsel for Plaintiff FG SRC LLC*

* Admitted *pro hac vice*

## <u>TABLE OF CONTENTS</u>

I.   INTRODUCTION ..................................................................................................1

II.  FACTUAL BACKGROUND ...............................................................................1

    A.  FG SRC's Initial Discovery Requests ........................................................2

    B.  FG SRC's Efforts to Confer on Xilinx's Discovery Responses.................3

    C.  The Joint Status Report...............................................................................7

    D.  FG SRC's 30(b)(6) Deposition Notice ......................................................8

    E.  FG SRC's Third-Party Discovery Efforts .................................................9

    F.  Xilinx's Supplemental Responses and Additional Document Productions ...............10

    G.  Xilinx's 30(b)(6) Deposition and Reason for Withholding Customer Identities ........10

III. ARGUMENTS & AUTHORITIES .....................................................................13

    A.  Legal Standard ...........................................................................................13

    B.  FG SRC Diligently Sought Identification of Xilinx's Customers .................14

    C.  Xilinx Cannot Show FG SRC Lacked Diligence.....................................17

    D.  FG SRC Cannot Reasonably Complete Discovery Within the Deadline...................18

IV. CONCLUSION ...................................................................................................20

# TABLE OF AUTHORITIES

## CASES:

*BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*,
    224 F.R.D. 581 (D. Del. 2004) .................................................................. 13

*Concordance Corp. v. Amazon.com, Inc.*,
    255 F.R.D. 366 (D. Del. 2009) .................................................................. 14

*Guilfoil v. Johnson*,
    No. 15-733-GMS, 2017 WL 3473848 (D. Del. Aug. 11, 2017) ............................. 14

*Hickman v. Taylor*,
    329 U.S. 495 (1947) .............................................................................. 13

*Hicks v. Feeny*,
    124 F.R.D. 79 (D. Del. 1987) .................................................................. 13

*ICU Medical, Inc. v. RyMed Techs., Inc.*,
    674 F.Supp.2d 574 (D. Del. 2009) ............................................................ 14

*In re MTSG, Inc.*,
    675 F.3d 1337 (Fed. Cir. 2012) ............................................................... 13

*Intellectual Ventures I LLC v. Check Point Software Techs. Ltd.*,
    215 F. Supp. 3d 314 (D. Del. 2014) .......................................................... 14

*Int'l Constr. Prods. LLC v. Caterpillar Inc.*, No.,
    15-108-RGA, 2018 WL 4611216 (D. Del. Sept. 26, 2018) ................................. 17

*Irvin v. Phelps*,
    No. 08-584-SLR, 2009 WL 4405495 (D. Del. Dec. 2, 2009) ............................... 16

*Liqwd, Inc. v. L'Oréal USA, Inc.*,
    No. 17-14-JFB-SRF, 2019 WL 188534 (D. Del. Jan 14, 2019) ............................ 16

*Phares v. Contracted Med. Servs.*,
    No. 08-821-SLR, 2009 WL 4405493 (D. Del. Dec. 2, 2009) ............................... 16

*Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*,
    614 F.3d 57 (3d Cir. 2010) ..................................................................... 14

*Sciele Pharma, Inc. v. Lupin, Ltd.*,
    No. 09-37 (RBK/JS), 2013 WL 12161442 (D. Del. Jan. 31, 2013) ........................ 13

*Sempier v. Johnson & Higgins,*
    45 F.3d 724 (3d Cir. 1995)................................................................................. 13

*Venetec Int'l, Inc. v. Nexus Medical, LLC,*
    541 F. Supp. 2d 612 (D. Del. 2008)................................................................. 14

*Walker v. Centocor Ortho Biotech, Inc.,*
    558 Fed. App'x 216 (3d Cir. 2014).................................................................. 14

## **RULES:**

FED. R. CIV. P. 16................................................................................................ 13, 14

FED. R. CIV. P. 33...................................................................................................... 7

FED. R. CIV. P. 34........................................................................................... 2, 15, 18

## INDEX OF EXHIBITS

In support of its Motion, Plaintiff FG SRC LLC attaches a true and correct copy of each of the

below described exhibits and incorporates such exhibits by reference as if fully set forth herein.

| EXHIBIT | DESCRIPTION |
|---|---|
| A | Plaintiff FG SRC LLC's First Set of Requests for Production to Defendant Xilinx, Inc. (hereinafter, "FG SRC's First Production Requests") |
| B | Xilinx, Inc's Objections and Responses to FG SRC LLC's First Set of Requests for Production (Nos. 1-66) (hereinafter, "Xilinx's Responses to First Production Requests") |
| C | 2021-04-30 Letter from Paul T. Beeler to Xilinx regarding Xilinx's Discovery Responses (hereinafter, "FG SRC's First Discovery Letter") |
| D | 2021-05-14 Letter from Ashley A. Bolt to FG SRC responding to FG SRC's First Discovery Letter (hereinafter, "Xilinx's First Response Letter") |
| E | 2021-05-28 Letter from Paul T. Beeler to Xilinx regarding Xilinx's Discovery Responses (hereinafter, "FG SRC's Second Discovery Letter") |
| F | 2021-06-04 Letter from Ashley A. Bolt to FG SRC responding to FG SRC's Second Discovery Letter (hereinafter, "Xilinx's Second Response Letter") |
| G | 2021-06-25 Letter from Paul T. Beeler to Xilinx regarding Xilinx's Discovery Responses (hereinafter, "FG SRC's Third Discovery Letter") |
| H | Plaintiff FG SRC LLC's Second Set of Interrogatories to Defendant Xilinx, Inc. (hereinafter, "FG SRC's Second Interrogatories") |
| I | 2021-06-29 Letter from Ashley A. Bolt to FG SRC responding FG SRC's Third Discovery Letter (hereinafter, "Xilinx's Third Response Letter") |
| J | 2021-07-16 E-Mail from Bryan K. Basso to FG SRC regarding the parties' July 6th Meet and Confer |
| K | Xilinx, Inc.'s Objections and Responses to FG SRC LLC's Second Set of Interrogatories (Nos. 18-19) (hereinafter, "Xilinx's Answers to Second Interrogatories) |
| L | Joint Status Report (D.I. 71) |
| M | Plaintiff's Notice of 30(b)(6) Deposition of Xilinx, Inc. (hereinafter, "FG SRC's 30(b)(6) Deposition Notice") |
| N | 2021-09-24 E-Mail from Ashley A. Bolt regarding FG SRC's 30(b)(6) Deposition Notice |
| O | Defendant Xilinx, Inc.'s Objections and Responses to Plaintiff's Rule 30(b)(6) Deposition of Xilinx, Inc. (hereinafter, "Xilinx's Objections to FG SRC's 30(b)(6) Deposition Notice") |
| P | 2021-11-30 E-Mail from Esha Bandyopadhyay regarding dates of availability for FG SRC's 30(b)(6) deposition |
| Q | Xilinx, Inc.'s First Supplemental Objections and Responses to FG SRC LLC's Second Set of Interrogatories (Nos. 18-19) (hereinafter, "Xilinx's Supplemental Answers to Second Interrogatories") |
| R | Excerpts of Rule 30(b)(6) Deposition of Brian Wall |

| S | 2021-12-20 Letter from Paul T. Beeler to Xilinx regarding Xilinx's Discovery Responses (hereinafter, "FG SRC's Fourth Discovery Letter") |
| T | 2022-01-05 E-Mail from Ashley A. Bolt regarding FG SRC's Fourth Discovery Letter |
| U | 2022-01-05 E-Mail from Paul T. Beeler responding to Xilinx's January 5th E-Mail |
| V | 2022-01-11 Letter from Ashley A. Bolt responding to FG SRC's Fourth Discovery Letter (hereinafter, "Xilinx's Fourth Response Letter") |
| W | Declaration of Paul T. Beeler (hereinafter, "Beeler Decl.") |
| X | Summary of FG SRC's Discovery Efforts |

## I.        INTRODUCTION

Plaintiff FG SRC LLC ("FG SRC") seeks to amend the Scheduling Order (D.I. 38) to allow additional time to conduct discovery, including necessary third-party foreign discovery. Additional time is required because of Defendant Xilinx, Inc.'s ("Xilinx") refusal to provide basic information—namely, the identity of its customers for the Accused Products—until recently ordered to do so by the Court. Despite the clear relevance of such information to FG SRC's induced infringement claims, Xilinx delayed and obstructed FG SRC's access to such information for more than ten months—including by failing to comply with the discovery rules, by asserting groundless objections, and by misrepresenting its intent and willingness to respond to discovery—all in an effort to block FG SRC from obtaining third-party discovery from Xilinx's customers necessary to prove FG SRC's induced infringement claims. As a result of Xilinx's delay and obstruction, FG SRC cannot reasonably conduct the necessary third-party discovery before the current deadline of May 2, 2022. It would be contrary to the liberal discovery policy of this Court and the Federal Rules for FG SRC to be denied full discovery in light of Xilinx's repeated obstruction and delays. Accordingly, FG SRC respectfully requests that the Court amend the Scheduling Order to extend the discovery period and related deadlines by five months to allow FG SRC to investigate its case based on Xilinx's recently compelled customer information.

## II.        FACTUAL BACKGROUND

In support of its Motion, FG SRC provides the below detailed recount of its efforts to have Xilinx identify its customers for the Accused Products. FG SRC regrets burdening the Court with such a lengthy recitation. However, given Xilinx's opposition to the Motion, a detailed description of the underlying facts is necessary in order to demonstrate FG SRC's diligence, as well as the lengths to which Xilinx has gone to undermine FG SRC's discovery efforts. A summary of FG SRC's discovery efforts to date is attached as Exhibit X.

## A.   FG SRC's Initial Discovery Requests

Discovery opened on February 18, 2021. Less than two weeks after the opening of discovery,

on March 3, 2021, FG SRC served Xilinx with FG SRC's First Production Requests, which

included Request No. 24 ("RFP 24") seeking "Documents sufficient to identify each of [Xilinx's]

customers for each of the Accused Products from January 1, 2014 to present." Ex. A at 14.

On April 5, 2021, Xilinx responded and objected to RFP 24 as, *inter alia*, "overly broad, unduly

burdensome, and seeking the disclosure of information that is not relevant to any party's claim or

defense in this action and/or not proportional to the needs of the case." Ex. B at 27-28. Despite

Rule 34's requirement to "state with specificity the grounds for objecting to the request, including

the reasons," Fed. R. Civ. P. 34(b)(2)(B), Xilinx's response did not specifically identify how RFP

24 was overly broad, unduly burdensome, or seeking irrelevant or disproportional information, Ex.

B at 27-28. Moreover, Xilinx's response did not state whether any responsive materials were being

withheld on the basis of such objections, *id.*, as required by Rule 34, Fed. R. Civ. P. 34(b)(2)(C).

Nonetheless, subject to its objections, Xilinx responded:

> To the extent this Request is understood and such documents and/or things exist
> and can be found after a reasonable search, Xilinx will produce or make available
> for inspection relevant, responsive, and non-privileged documents and/or things in
> Xilinx's possession, custody, or control.

Ex. B at 28. Despite this response, Xilinx did not produce any documents responsive to RFP 24 at

that time. Beeler Decl. ¶ 25. Nor did Xilinx specify a reasonable time by which it would produce

responsive items, *id.*, as required by Rule 34, Fed. R. Civ. P. 34(b)(2)(B). FG SRC took Xilinx at

its word and awaited production of responsive material. FG SRC did not immediately seek to

compel the information because of Xilinx's promise to produce it, at least to some extent.

On April 15, 2021, Xilinx produced documents Bates labeled XILINX_SRC00000001-55918.

Beeler Decl. ¶ 26. As required by the Scheduling Order, these documents consisted of some core

technical documents and a sales figure spreadsheet. *Id.* Neither the documents nor the spreadsheet identified any customers for the Accused Products. *Id.*

**B.  FG SRC'S EFFORTS TO CONFER ON XILINX'S DISCOVERY RESPONSES**

On April 30, 2021, counsel for FG SRC sent its First Discovery Letter to Xilinx addressing the deficiencies in Xilinx's discovery responses, including to RFP 24. Ex. C at 1-5. Specifically, FG SRC addressed Xilinx's failure to produce responsive documents and raised: (1) Xilinx's failure to state whether any materials responsive to RFP 24 were being withheld on the basis of its asserted objections as required by Rule 34(b)(2)(C), Ex. C at 1; (2) Xilinx's failure to state with specificity the grounds for its objections to RFP 24 as required by Rule 34(b)(2)(B), Ex. C at 2; and (3) Xilinx's failure either to produce documents responsive to RFP 24 at the time specified in the request or to specify another reasonable time for production as required by Rule 34(b)(2)(B), Ex. C at 3. Accordingly, FG SRC asked Xilinx to withdraw its improper objections to RFP 24 and to immediately begin producing responsive documents as earlier promised, with such production to be completed no later than June 2, 2021. Ex. C at 1-3. FG SRC also invited Xilinx to provide its availability to meet and confer on these issues if it believed doing so would be helpful. Ex. C at 4.

On May 14, 2021, Xilinx sent its First Response Letter, stating that it disagreed that Xilinx had asserted improper objections and that "Xilinx confirms that it has not located responsive, non-privileged documents or information that it is presently withholding based on objections made in response to SRC's discovery requests," including RFP 24. Ex. D at 1. Xilinx further directed FG SRC to review Xilinx's April 15th production and stated:

> Xilinx expects to continue its document production responsive to SRC's Requests for Production, and supplement and/or amend its interrogatory responses, on a rolling basis as discovery progresses and its investigation continues.

*Id.* Xilinx did not otherwise address when it would produce documents sufficient to identify its customers for the Accused Products, as requested by RFP 24. Ex. D at 1-2. FG SRC again took

Xilinx at its word and held off on seeking to compel the material, giving Xilinx a second chance to fulfill the promises of discovery it had now made twice.

On May 28, 2021, FG SRC sent its Second Discovery Letter. In that letter, FG SRC explained that, although it had identified two documents in Xilinx's April 15th production that were potentially responsive to RFP 24, Xilinx clearly had not produced documents sufficient to identify all its customers for the Accused Products. Ex. E at 2-3. FG SRC further noted that although it had been more than 12 weeks since service of RFP 24, Xilinx had failed to substantively respond and produce responsive documents. Ex. E at 3. FG SRC requested that Xilinx either confirm that it would produce documents sufficient to identify all its customers of the Accused Products by June 2, 2021 or provide availability to meet and confer on a motion to compel. *Id.*

On June 4, 2021, Xilinx sent its Second Response Letter, reiterating that "Xilinx has not located responsive, non-privileged documents or information that it is withholding based on objections made in response to SRC's discovery requests;" and "Xilinx expects to continue its document production responsive to SRC's Requests for Production on a rolling basis as discovery progresses and its investigation continues." Ex. F at 1. Xilinx further stated:

> SRC's threat of motion practice is premature ***at this early stage of the case—Xilinx has not refused to provide any discovery that could be the subject of such a motion***. Infringement contentions were served yesterday, nearly one year remains in the discovery period, and the parties have not yet met and conferred. ***We are well aware of Xilinx's discovery obligations*** and willing to work with SRC to make the discovery period run as smoothly as possible. To that end, we appreciate your letter prioritizing the types of documents that SRC would like to see at this stage of the case. Xilinx's investigation into these requests is ongoing, and ***such documents will be produced on a rolling basis as any responsive, non-privileged documents are located after a reasonably diligent search.***

Ex. F at 2 (emphases added). Xilinx did not otherwise address RFP 24. Ex. F at 1-3. Again taking Xilinx at its word that the documents and information were forthcoming, FG SRC held off on involving the Court.

– 4 –

On June 25, 2021, FG SRC sent its Third Discovery Letter, which explained that, notwithstanding Xilinx's purported willingness to make discovery run smoothly, Xilinx had failed to respond to basic discovery or even to provide a date certain by which it would produce items responsive to RFP 24. Ex. G at 1-2. Noting that RFP 24 simply sought documents sufficient to identify customers of the Accused Products—a standard request in cases involving induced infringement, FG SRC further explained that Xilinx's continued failure to identify its customers for nearly four months was "unjustified and prejudicial to FG SRC's ability to prepare its case regardless of the time remaining for discovery." Ex. G at 2. FG SRC again requested that Xilinx either confirm that it would complete its initial production responsive to RFP 24 within 30 days or meet and confer on a motion to compel. *Id.*

Also on June 25, 2021, in an effort to minimize any claimed undue burden by Xilinx, FG SRC served its Second Interrogatories, using one of its limited interrogatories to ask Xilinx to simply identify, *inter alia*, its customers of the Accused Products. Ex. H at 8 (Interrogatory No. 18).

On June 29, 2021, Xilinx sent its Third Discovery Letter, reiterating its belief "that SRC's threat of motion practice **is premature** given that Xilinx has not refused to provide any discovery that could be the subject of such a motion," but agreeing to meet and confer. Ex. I at 1 (emphasis added). With respect to RFP 24, Xilinx again stated that it was "investigating and will produce any responsive, non-privileged documents to the extent any exist and can be located after a reasonably diligent search" and that it expected to produce responsive items on a rolling basis. *Id.* Nonetheless, Xilinx continued to claim that it could not "guarantee a date certain" for production of responsive documents but would "make its best efforts to collect and produce documents in a timely manner." *Id.* It was becoming clear at this point that Xilinx was not acting in good faith.

On July 6, 2021, FG SRC and Xilinx met and conferred regarding Xilinx's responses to FG

SRC's discovery requests, including RFP 24. Beeler Decl. ¶ 27. During the conference, Xilinx abandoned the cooperative tone of its prior letters and instead reasserted its boilerplate written objections—namely that RFP 24 was overly broad, unduly burdensome, and not proportional to the needs of the case. Xilinx then asserted (for the first time) that such objections were based on the large number of customers, the large number of Accused Products, and Xilinx's belief that only a small number of its customers utilized the accused functionality. *Id.* During the conference, Xilinx's counsel claimed that Xilinx did not have a singular database from which all customers of the Accused Products could be identified but that there were multiple systems across various departments such that collection and production of documents responsive to RFP 24 would take an extensive amount of time and effort. *Id.* Nonetheless, Xilinx explained that its investigation was ongoing and agreed to provide an update the following week. *Id.*

On July 16, 2021, counsel for Xilinx provided an update regarding its investigation as discussed during the parties' meet and confer and, with regard to RFP 24, stated:

> We discussed SRC's RFP No. 24, which requests "[d]ocuments sufficient to identify each of [Xilinx's] customers." Again, we relayed that such a request is overly broad, unduly burdensome, and not proportional to the needs of the case given Xilinx's large number of customers, the large number of accused products, and particularly given the disconnect between the accused functionality and a burdensome listing of all Xilinx customers regardless of whether they might be using the accused functionality. ***We offered to start by identifying customers that Xilinx believes may be potentially relevant to this case.*** We continue to investigate this issue, but believe the number of such customers to be in the single digits. We anticipate being able to identify them in the near future.  Furthermore, while we do not yet have approval from Xilinx to make the following offer, please let us know if your client would be willing to compromise if Xilinx provided a listing of its top ten biggest customers for the Accused Products. If you would be willing to accept that compromise, we will see if we can get Xilinx to similarly agree.

Ex. J at 1 (emphasis added). This was the first time that Xilinx indicated that it would not produce material responsive to RFP 24 and that it was planning to unilaterally decide what may or may not

be relevant—essentially reneging on its prior representations that nothing responsive was being withheld based on its relevance and burdensomeness objections. Ex. J at 1-2.

Xilinx then made several productions from July 16, 2021 through July 30, 2021, but the productions still failed to identify all of Xilinx's customers of the Accused Products. Beeler Decl. ¶ 28.

On July 26, 2021, Xilinx served its Answers to Second Interrogatories, and it objected to Interrogatory No. 18 as, *inter alia*, "overly broad, unduly burdensome, and seeking the disclosure of information that is not relevant to any party's claim or defense in this action and/or not proportional to the needs of the case." Ex. K at 2. Despite Rule 33's requirement that "[t]he grounds for objecting to an interrogatory must be stated with specificity," Fed. R. Civ. P. 33(b)(4), Xilinx's response did not specifically identify how Interrogatory No. 18 was overly broad, unduly burdensome, or seeking irrelevant or not proportional information, Ex. K at 2-3. Xilinx further stated that it did not "have control or detailed information" about how its customers use the Accused Products, but it identified four customers that Xilinx believed may use the accused functionality. Ex. K at 3. Xilinx also stated that its investigation was ongoing and reserved the right to supplement or amend its response. Ex. K at 3-4.

## C.   THE JOINT STATUS REPORT

In view of Xilinx's failure to provide information clearly relevant to FG SRC's induced infringement claims—namely, the identity of its customers of the Accused Products—for more than 21 weeks, FG SRC apprised the Court of its discovery efforts to date in the parties' Joint Status Report (D.I. 71), filed August 3, 2021, and specifically advised:

> [B]ecause of Xilinx's repeated and ongoing failure or refusal to provide meaningful discovery responses regarding its customers, information which FG SRC needs to conduct third-party discovery crucial to its induced infringement claims, FG SRC anticipates that it will ultimately be obliged to file a Motion to Compel . . . . FG SRC would prefer to avoid the need for Court intervention and has worked

– 7 –

> diligently to try and otherwise obtain the information that it needs; however, given the extensive time that third-party discovery can take, FG SRC cannot wait for Xilinx to produce its customer information at some unspecified point in the future. FG SRC further anticipates that, due to Xilinx's delays in providing discovery crucial to FG SRC's induced infringement case, FG SRC may need to seek an extension of the schedule to conduct the necessary third-party discovery.

Ex. L at 4-5. Xilinx was, therefore, on notice at least as early as August 3, 2021 that its ongoing refusal to identify its customers would likely necessitate an extension of the discovery period.

For its part in the Joint Status Report (D.I. 71), Xilinx explained that, although it had relayed that RFP 24 was "overly broad, unduly burdensome, and not proportional to the needs of the case," during the parties' July 6th Meet and Confer, Xilinx had "specifically indicated that it was not refusing wholesale to produce any category of documents sought by FG SRC." Ex. L at 7. Moreover, Xilinx expressly stated to the Court:

> Xilinx has now repeatedly relayed that it will make its best efforts to collect and produce documents in a timely manner. Xilinx continues to diligently search for documents that may be responsive and will continue to produce such documents on a rolling basis in accordance with the Court's Scheduling Order, which requires that document production be substantially complete by February 14, 2022, not by FG SRC's arbitray [sic] date of June 2, 2021.

Ex. L at 7-8. This revealed the Xilinx plan to wait until close to February 14, 2022 to provide FG SRC the information it would need to **start** foreign and domestic third-party discovery. This was done by Xilinx knowing that such discovery can take months, not weeks to complete. In the interest of avoiding unnecessary motion practice, FG SRC made further informal attempts to acquire the information it needed before conducting third-party discovery.

**D.    FG SRC's 30(B)(6) DEPOSITION NOTICE**

On September 1, 2021, FG SRC served Xilinx with FG SRC's 30(b)(6) Deposition Notice, seeking a limited deposition solely on Xilinx's practices and policies related to record keeping, and the deposition was noticed to occur on October 11, 2021. Ex. M at 1-8. In the notice, FG SRC sought testimony regarding Xilinx's database or data management and retrieval systems to

determine what burden identifying customers of the Accused Products entailed, if any, and whether there were any options for avoiding such burden, such as by providing FG SRC read-only access to a database. Ex. M at 7-8; Beeler Decl. ¶ 29.

On September 24, 2021, Xilinx objected by e-mail to the date and time in FG SRC's 30(b)(6) Deposition Notice, stating:

> Xilinx objects to the date and time included in Plaintiff's Notice of 30(b)(6) Deposition of Xilinx, Inc. Xilinx will provide its written objections and responses in due course. Xilinx is investigating the noticed topic, and will provide a witness, subject to its objections, to the extent responsive corporate knowledge is identified. To the extent a witness is provided, deposition scheduling will be subject to the availability of the witness.

Ex. N at 1. Xilinx did not advise FG SRC as to when it anticipated being able to make a witness available for FG SRC's 30(b)(6) deposition. *Id.*

On October 7, 2021, Xilinx served FG SRC with its Objections to FG SRC's 30(b)(6) Deposition Notice, which stated:

> Xilinx objects to the date, time, and place of the depositions specified in SRC's Notice of 30(b)(6) deposition. Xilinx will make any designated witness(es) available at a date, time, and location mutually agreed upon by the parties, or otherwise convenient to the proposed designated witness(es), subject to all General and Specific Objections to each Topic set forth below.

Ex. O at 1-2. Again, Xilinx did not provide any indication as to when it anticipated being to make a witness available for FG SRC's duly noticed 30(b)(6) deposition. Ex. O at 1-9.

Xilinx waited almost two more months before providing dates of availability to FG SRC. On November 30, 2021, Xilinx stated that its designated witness was available to be deposed on either December 14, 2021 or December 17, 2021, ***more than three months*** after FG SRC's 30(b)(6) Deposition Notice was originally served. Ex. P. at 1.

**E.   FG SRC'S THIRD-PARTY DISCOVERY EFFORTS**

In conjunction with its efforts to obtain additional information from Xilinx regarding the

existence of documents identifying Xilinx's customers of the Accused Products, FG SRC also promptly pursued third-party discovery from the few customers Xilinx had identified thus far. Beeler Decl. ¶ 30. On September 10, 2021, FG SRC noticed and served subpoenas duces tecum on the four customers Xilinx had identified in its answer to Interrogatory No. 18. *Id.* However, each of these customers objected to the subpoenas to the extent the information sought could be obtained from Xilinx, and FG SRC's efforts to obtain discovery from most of these customers (one customer responded by affirmatively representing that it does not use the accused functionality of any Accused Product) remain ongoing. *Id.*

## F.   XILINX'S SUPPLEMENTAL RESPONSES AND ADDITIONAL DOCUMENT PRODUCTIONS

From August through December 2021, Xilinx continued to make periodic productions of documents. Beeler Decl. ¶ 31. Unfortunately, none of the documents clearly identified Xilinx's customers of the Accused Products. *Id.*

On December 3, 2021, Xilinx supplemented its answer to Interrogatory No. 18 which stated that it no longer believed one of the previously identified customers utilized the accused functionality, based on that customer's response to FG SRC's subpoena duces tecum, but identified another customer that Xilinx believed may utilize the accused functionality. Ex. Q at 4. No reason was given why this customer was not previously identified.

On December 7, 2021—more than ***nine months*** after FG SRC originally served RFP 24— Xilinx finally produced limited documents clearly identifying customers of the Accused Products. Specifically, Xilinx produced invoices for the four customers identified in its supplemented answer to Interrogatory No. 18. Beeler Decl. ¶ 31. However, Xilinx did not produce documents identifying any other customers of the Accused Products. *Id.* Just four, no more.

## G.   XILINX'S 30(B)(6) DEPOSITION AND REASON FOR WITHHOLDING CUSTOMER IDENTITIES

On December 14, 2021, after Xilinx's months long delay in designating a corporate

representative, FG SRC deposed Brian Wall regarding Xilinx's records keeping and databases and the level of effort necessary to identify customers and sales information that FG SRC had been seeking for months. In direct contrast to Xilinx's objections of undue burden and the prior representations of its counsel, Mr. Wall testified that *all* of the customer identities and sales information sought by FG SRC could readily be obtained from Xilinx's databases *in a couple of hours*. *See, e.g.,* Ex. R 76:11-77:21, 115:2-117:6.

FG SRC promptly sent its Fourth Discovery Letter on December 20, 2021 which (1) reiterated its need for Xilinx's customer identities; (2) again raised the complete lack of merit to Xilinx's objections to RFP 24, particularly in light of Mr. Wall's recent testimony directly to the contrary; and (3) requested that Xilinx update its previously produced financial spreadsheet to include customer names as a ready means to avoid the need for a motion to compel and Court intervention. Ex. S at 1-3. Mr. Wall's testimony revealed that Xilinx was not just delaying but blatantly obstructing. Xilinx has not been litigating this case in good faith from the start, and it was done in an attempt to game the outcome in Xilinx's favor; to thwart the interests of justice.

On January 5, 2022, Xilinx sent an e-mail to FG SRC claiming that, notwithstanding Xilinx's repeated representations that it would produce documents responsive to RFP 24 and the newly-revealed absence of merit to Xilinx's asserted objections, Xilinx had "reasonably understood" the issues with regard to its response to RFP 24 to be resolved. Ex. T at 1. The same day, FG SRC sent a reply e-mail explaining that Xilinx's claimed belief that the issues were resolved was disingenuous. Ex. U at 1. Noting that "Xilinx ha[d] repeatedly stated that its investigation was ongoing and that it expected to produce documents on a rolling basis" and that FG SRC had reasonably relied on such representations rather than unnecessarily burdening the Court with discovery disputes, FG SRC explained that "Xilinx cannot now claim to be surprised that these

issues are still in dispute" after failing to produce the documents as repeatedly promised. *Id.*

On January 11, 2022, Xilinx sent its Fourth Response Letter wherein Xilinx reiterated its claimed assumption that the discovery disputes regarding customer information had been dropped, asserting that the Joint Status Report (D.I. 71) had "made it clear that SRC's requests were ***overly burdensome*** and largely irrelevant, and that Xilinx would not respond further until SRC took a more reasonable approach" despite Xilinx's other statements to the contrary in the Joint Status Report. Ex. V at 1 (emphasis added); *see also* Ex. L at 7-8 ("Xilinx has now repeatedly relayed that it will make its best efforts to collect and produce documents in a timely manner. Xilinx continues to diligently search for documents that may be responsive and will continue to produce such documents on a rolling basis . . . ."). Xilinx's Fourth Response Letter claimed that Xilinx had conducted a reasonable search for customers it believed may utilize the Accused Functionality (without describing how this was done or by whom) and offered to otherwise identify only its top ten customers for the Accused Products. Ex. V at 1-2.

On January 20, 2022, FG SRC and Xilinx met and conferred regarding the deficiencies in Xilinx's discovery responses. During that conference, Xilinx raised a new excuse for not identifying its customers—concerns about protecting its customers from abusive or excessive third-party discovery. Beeler Decl. ¶ 32. Ultimately, FG SRC and Xilinx reached an impasse regarding identification of Xilinx's customers and subsequently submitted a Joint Letter Requesting Discovery Teleconference (D.I. 105) and related letter briefs (D.I. 107 & 108) as ordered by the Court (D.I. 106).

On February 11, 2022, the Court held a teleconference on the parties' discovery disputes and ordered Xilinx to identify its top ten foreign customers and to update its financial spreadsheet to identify all domestic customers of the Accused Products (*i.e.*, the solution FG SRC had proposed

more than a month prior in FG SRC's Fourth Discovery Letter). On February 16, 2022, Xilinx provided a letter identifying its top ten foreign customers and an updated spreadsheet identifying its domestic customers (though further clarification had to be ordered for FG SRC to be able to interpret the spreadsheet, *see* D.I. 111).

Now, almost a year after FG SRC originally served RFP 24, Xilinx has finally identified its customers of the Accused Products. However, as a result of Xilinx's foot-dragging, FG SRC does not have enough time to complete necessary third-party discovery before the current discovery deadline of May 2, 2022. Scheduling Order (D.I. 38) at 4. As such, FG SRC respectfully requests that the Court amend the Scheduling Order to extend the discovery period and subsequent deadlines by five months to allow FG SRC a reasonable opportunity for third-party discovery.

## III.   ARGUMENTS & AUTHORITIES

### A.   LEGAL STANDARD

"[D]istrict courts have broad discretion to manage discovery." *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995). Courts in this jurisdiction and "the federal rules of discovery 'promote a broad and liberal policy of discovery for the parties to obtain the fullest possible knowledge of the issues and facts before trial.'" *Sciele Pharma, Inc. v. Lupin, Ltd.*, No. 09-37 (RBK/JS), 2013 WL 12161442, at *2 (D. Del. Jan. 31, 2013) (quoting *In re MTSG, Inc.*, 675 F.3d 1337, 1346 (Fed. Cir. 2012)); *see also BAE Sys. Aircraft Controls, Inc. v. Eclipse Aviation Corp.*, 224 F.R.D. 581, 589 (D. Del. 2004) ("Courts in this jurisdiction have a liberal discovery policy . . . ."); *Hicks v. Feeny*, 124 F.R.D. 79, 82 (D. Del. 1987) ("[P]arties are to be afforded opportunities to obtain the fullest possible knowledge of the issues and facts prior to trial." (citing *Hickman v. Taylor*, 329 U.S. 495, 500 (1947))). "Under the liberal discovery rules, civil trials are not to be carried on in the dark." *Hicks*, 124 F.R.D. at 82 (citing *Hickman*, 329 U.S. at 500).

"To obtain an extension of a discovery deadline, a movant must show 'good cause' under Fed.

– 13 –

R. Civ. P. 16(b)(4), which includes both an explanation of why more time is needed and a showing that the movant diligently sought the discovery he now seeks to secure beyond the deadline." *Guilfoil v. Johnson*, No. 15-733-GMS, 2017 WL 3473848, at *6 (D. Del. Aug. 11, 2017) (citing *Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010)); *Walker v. Centocor Ortho Biotech, Inc.*, 558 Fed. App'x 216, 221-22 (3d Cir. 2014) (unpublished)). "'Good cause' exists when the Schedule cannot reasonably be met despite the diligence of the party seeking the extension." *ICU Medical, Inc. v. RyMed Techs., Inc.*, 674 F.Supp.2d 574, 577 (D. Del. 2009) (citing Fed. R. Civ. P. 16(b)(4) Advisory Committee's Notes (1983 amendments)); *see also Intellectual Ventures I LLC v. Check Point Software Techs. Ltd.*, 215 F. Supp. 3d 314, 322 (D. Del. 2014). "In contrast to Rule 15(a), the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party." *ICU Medical*, 674 F. Supp. 2d at 577-78; *see also Concordance Corp. v. Amazon.com, Inc.*, 255 F.R.D. 366, 371 (D. Del. 2009); *Venetec Int'l, Inc. v. Nexus Medical, LLC*, 541 F. Supp. 2d 612, 618 (D. Del. 2008).

## B.  FG SRC DILIGENTLY SOUGHT IDENTIFICATION OF XILINX'S CUSTOMERS

As detailed above, FG SRC's diligence is indisputable. FG SRC engaged in extensive efforts to timely obtain identification of Xilinx's customers of the Accused Products so that FG SRC could conduct the third-party discovery necessary to establish its induced infringement claim. FG SRC served RFP 24 less than two weeks after discovery opened, and it promptly and repeatedly sought Xilinx's compliance with the request, including by (1) sending four discovery letters, each addressing the deficiencies in Xilinx's objections and response to RFP 24 and its failure to produce documents responsive thereto; (2) participating in two meet and confers on Xilinx's failure to produce documents; (3) advising the Court in the Joint Status Report of the deficiencies in Xilinx's response to RFP 24; and (4) conducting a 30(b)(6) deposition to assess the veracity of Xilinx's claimed burden in responding to RFP 24 and to determine whether there were alternative means

by which FG SRC might obtain customer identities. Moreover, when Xilinx identified only a few of its customers, FG SRC promptly served third party discovery on those customers.

The extreme delay FG SRC has faced in ascertaining Xilinx's customers is squarely attributable to Xilinx and its obstructive discovery tactics and misrepresentations. As FG SRC has previously detailed for the Court, courts across the country have repeatedly and consistently held that customer identities and sales information are relevant and discoverable in patent infringement cases, especially where there are claims of induced infringement. D.I. 107 at 1-2 (collecting cases). As such, Xilinx's objections that RFP 24 was overbroad, unduly burdensome, and sought information not relevant or proportional to the case lacked a reasonable basis from the start. Moreover, such objections were further improper and defective due to Xilinx's failure to state the basis therefor with specificity as required by Fed. R. Civ. P. 34(b)(2)(B). Ex. B at 27-28. The reason for Xilinx's lack of specificity was laid bare by the testimony of Mr. Wall—there was never any undue burden to begin with, and Xilinx could have easily identified its customers of the Accused Products in approximately two hours. Ex. Ex. R 76:11-77:21, 115:2-117:6. The only conclusion that can be drawn here is that Xilinx's objections and allegations of undue burden were improperly asserted to obstruct FG SRC's access to highly relevant information and to run out the clock on its ability to obtain evidence necessary to prove its induced infringement claims.

Xilinx further obfuscated and obstructed FG SRC's discovery of this crucial information by repeatedly misrepresenting its intent to produce documents and misleading FG SRC as to the status of its investigation. On at least five occasions, including in the Joint Status Report to the Court, Xilinx stated that it would produce documents responsive to RFP 24 on a rolling basis in a timely manner. *See* Ex. B at 27, Ex. D at 1, Ex. F at 2, Ex. I at 1, Ex. L at 7-8. Similarly, on at least four occasions, including in the Joint Status Report, Xilinx claimed that its investigation was ongoing

– 15 –

and that it was diligently searching for documents responsive to RFP 24. *See* Ex. D at 1, Ex. F at 2, Ex. I at 1, Ex. L at 7-8. These representations were ***false***. Had Xilinx truly intended to produce documents in response to RFP 24, and had it conducted the "diligent search" it claimed to have conducted, it could have located the information within a matter of hours, as confirmed by the testimony of Mr. Wall. Ex. R 76:11-77:21, 115:2-117:6. Indeed, when ultimately ordered by the Court to identify its customers, Xilinx was able to do so in mere days, not months.

The real reason for Xilinx's meritless objections and misrepresentations became apparent in the parties' final meet and confer, where Xilinx raised for the first time its alleged concern that its customers would be subjected to abusive or excessive discovery. Beeler Decl. ¶ 32. This contrived excuse, which provided no legitimate basis for resisting discovery, belied Xilinx's true goals—to preclude any third-party discovery of its customers before the discovery deadline and thereby prevent FG SRC from establishing its induced infringement claims. This court has repeatedly held that delays resulting from failure to properly respond to discovery warrant extension of the discovery period under Rule 16(b)(4). *See, e.g., Liqwd, Inc. v. L'Oréal USA, Inc.*, No. 17-14-JFB-SRF, 2019 WL 188534, at *2 (D. Del. Jan 14, 2019) (extending discovery where movant made multiple attempts to obtain discovery and delays resulted from non-movant); *Irvin v. Phelps*, No. 08-584-SLR, 2009 WL 4405495, at *2 (D. Del. Dec. 2, 2009) (extending discovery deadline where defendant failed to respond to requests for production); *Phares v. Contracted Med. Servs.*, No. 08-821-SLR, 2009 WL 4405493, at *2 (D. Del. Dec. 2, 2009) (extending discovery by five and half months based on delays caused by plaintiff's refusal to execute a medical records authorization and to answer certain interrogatories). Xilinx should not be rewarded for its campaign of obstruction and delay.

Xilinx was fully aware of the importance of its customers' identities to FG SRC's ability to

conduct necessary third-party discovery and that delays in providing such information would likely necessitate extension of the discovery period. Having spent months resisting FG SRC's diligent discovery efforts by asserting meritless objections and making misrepresentations to FG SRC and the Court, Xilinx cannot now claim any surprise that the Scheduling Order must be amended.

## C.    XILINX CANNOT SHOW FG SRC LACKED DILIGENCE

Based on Xilinx's Fourth Responsive Letter, FG SRC anticipates that Xilinx will argue that FG SRC failed to exercise diligence during the period between August 3, 2021, when the Joint Status Report was filed, and December 20, 2021, when FG SRC sent its Fourth Discovery Letter. This argument is as audacious as it is unavailing. This Court has previously held that a defendant cannot show a plaintiff lacked diligence because it was not sufficiently aggressive in requiring the defendant to comply with its discovery obligations:

> Even if both parties caused delays during the discovery process, the fact remains that Plaintiff requested the relevant documents in November 2016, and Defendants did not produce them for at least eight months thereafter. ***Defendants really cannot win an argument that Plaintiff should have been more aggressive in getting Defendants to meet their obligations***.

*Int'l Constr. Prods. LLC v. Caterpillar Inc.*, No. 15-108-RGA, 2018 WL 4611216, at *3 (D. Del. Sept. 26, 2018) (emphasis added). Xilinx was "well aware of [its] discovery obligations" and cannot reasonably argue that it was FG SRC's duty to make Xilinx comply with those obligations or that the extensive efforts outlined above were not sufficient as to FG SRC. This is especially true when Xilinx repeatedly—and falsely—claimed it was not withholding any material based on the objections, the production would be completed soon and a motion to compel was premature.

FG SRC took great efforts from August to December to pursue alternative means of obtaining the requested information and to pursue third-party discovery from those few customers Xilinx had identified. It was Xilinx's more than two-month delay in designating a corporate representative who ultimately revealed under oath the extent of Xilinx's counsel's repeated false claims of

– 17 –

extreme burden to identify Xilinx's customers. The mere fact that FG SRC did not move to compel Xilinx to identify its customers immediately after the Joint Status Report does not demonstrate a lack of diligence by FG SRC—it simply shows that FG SRC was relying upon Xilinx's counsel to tell the truth and live up to his obligations.[1]

In addition to Xilinx's repeated representations that its investigation was ongoing and that it would produce documents, Xilinx specifically represented on multiple occasions that it was not withholding documents based on its objections to RFP 24. *See* Ex. D at 1, Ex. F at 1. Xilinx never amended or supplemented its response to RFP 24 to clearly indicate that its position had changed and that it was withholding documents responsive to RFP 24 based on its objections, as required by Fed. R. Civ. P. 34(b)(2)(C). FG SRC had, therefore, no reason to believe that Xilinx would not fully respond and timely produce responsive items as it had stated.

Further, in response to FG SRC's early efforts to have Xilinx comply with RFP 24, Xilinx repeatedly maintained that a motion to compel would be premature given the time remaining for discovery and that Xilinx had not refused to provide any discovery that could be the subject of such a motion. *See* Ex. F at 2, Ex. I at 1, Ex. L at 7. Xilinx should, therefore, not be permitted to now argue that FG SRC's later efforts to compel Xilinx's compliance came too late.

## D.   FG SRC CANNOT REASONABLY COMPLETE DISCOVERY WITHIN THE DEADLINE

Because of Xilinx's extensive delay in identifying its customers, FG SRC cannot reasonably complete its third-party discovery within the current discovery period. Xilinx provided its updated spreadsheet identifying its domestic customers on February 16, 2022 and provided the additional information necessary to interpret that spreadsheet on February 23, 2022—*i.e.*, less than ten weeks before the close of discovery. Beeler Decl. ¶ 33. FG SRC is moving swiftly to analyze this

---

[1] The claims of extreme burden to produce the material were never supported by a single declaration or other evidence as required for such an objection to be sustained.

information and begin conducting its third-party discovery; however, there are over 169 domestic customers with purchases totaling more than $1 million, each of which is a potential relevant direct infringer for FG SRC's induced infringement case. *Id.* As such, FG SRC will need to investigate each of these customers to determine whether they may use the accused functionality of the Accused Products and subpoena those it believes are likely to infringe. *Id.* Because of the technical nature of the discovery, any subpoenas will need to be served a sufficient time—at minimum, 30 days—before the May 2, 2022 discovery cutoff to allow third parties adequate time to respond. Beeler Decl. ¶ 34. FG SRC would, therefore, need to identify all third parties that it intends to subpoena and prepare and serve subpoenas to those parties within 21 business days or less as of the date of its Motion. *Id.* And this estimate assumes that none of the third parties object to the subpoenas or delay responding to them and that FG SRC is not obliged to engage in motion practice to enforce them. FG SRC cannot reasonably be expected to properly investigate 169 customers and issue necessary subpoenas within such a shortened timeframe, nor should it be obliged to merely because of Xilinx's obstructive and dilatory tactics. The discovery from the customers is also likely to reveal the identity of additional Xilinx documents and witnesses.

Furthermore, it is simply not possible for FG SRC to conduct third-party discovery of Xilinx's foreign customers within the remaining timeframe. Beeler Decl. ¶ 35. Xilinx's top ten foreign customers include entities located in Finland, China, Vietnam, Sweden, the Netherlands, South Korea, and Romania. *Id.* It can take an extensive amount of time merely to effect service of discovery requests in these countries, let alone to obtain responses thereto. *See, e.g.*, https://www.hcch.net/en/states/authorities/details3/?aid=499 (last visited Mar. 2, 2022) (listing approximately 3-6 months to execute discovery request under Hague Evidence Convention in Finland); https://www.hcch.net/en/states/authorities/details3/?aid=846 (last visited Mar. 2, 2022)

(listing times for execution of discovery request under Hague Evidence Convention in South Korea of 3 months to more than 12 months); https://www.hcch.net/en/states/authorities/details3/?aid=1147 (last visited Mar. 2, 2022) (listing approximately 6 months to execute discovery request under Hague Evidence Convention in Vietnam). Without the requested extension, FG SRC will not be able to conduct third-party discovery of Xilinx's foreign customers.

## IV.    CONCLUSION

For the foregoing reasons, the discovery period should be extended to afford FG SRC a reasonable opportunity to conduct necessary third-party discovery so that the case may be decided on the merits notwithstanding Xilinx's delay and obstruction of discovery. FG SRC respectfully requests that the Court amend the Scheduling Order to extend the discovery period and related deadlines by five months.

Dated: March 7, 2022

Respectfully submitted,

/s/ Stamatios Stamoulis
Stamatios Stamoulis (#4606)
Richard C. Weinblatt (#5080)
STAMOULIS & WEINBLATT LLC
800 N. West Street, Third Floor
Wilmington, DE 19801
Tel: (302) 999-1540
stamoulis@swdelaw.com
weinblatt@swdelaw.com

SHORE CHAN LLP
Michael W. Shore* (mshore@shorechan.com)
Alfonso Garcia Chan* (achan@shorechan.com)
Ari B. Rafilson* (arafilson@shorechan.com)
William D. Ellerman* (wellerman@shorechan.com)
Paul T. Beeler* (pbeeler@shorechan.com)
901 Main Street, Suite 3300
Dallas, Texas 75202
Telephone (214) 593-9110
Facsimile (214) 593-9111

*Counsel for Plaintiff FG SRC LLC*

* Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served on all counsel of record via electronic mail on March 7, 2022.

/s/ Stamatios Stamoulis
Stamatios Stamoulis

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that, pursuant to Local Rule 7.1.1, a reasonable effort has been made to reach agreement on the matters set forth in the foregoing but Defendant remains opposed to the relief sought.

/s/ Stamatios Stamoulis
Stamatios Stamoulis

## CERTIFICATE OF COMPLIANCE

    The undersigned hereby certifies that, pursuant to Local Rule 16.4, a copy of the foregoing has been provided to the undersigned's client, FG SRC LLC, via electronic mail.

                                           _____
                                           Stamatios Stamoulis