# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

FG SRC LLC,

    *Plaintiff,*

v.

XILINX, INC.,

    *Defendant.*

C.A. No. 20-cv-601-WCB

## DEFENDANT XILINX, INC.'S OPENING BRIEF IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

Dated: March 28, 2022

Warren K. Mabey, Jr. (#5775)
FISH & RICHARDSON P.C.
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
Email: mabey@fr.com

David M. Hoffman
111 Congress Avenue, Suite 810
Austin, TX 78701
Telephone: (512) 472-5070
Email: dhoffman@fr.com

Esha Bandyopadhyay
Bryan K. Basso
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Email: bandyopadhyay@fr.com
basso@fr.com

Ashley A. Bolt
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: 404-879-7229
Email: bolt@fr.com

Ryan M. Teel
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Email: teel@fr.com

Daniel H. Wade
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Email: wade@fr.com

***Attorneys for Defendant, Xilinx, Inc.***

# TABLE OF CONTENTS

**PAGE**

INTRODUCTION ..................................................................................................................1

BACKGROUND ...................................................................................................................1

ARGUMENT .........................................................................................................................3

CONCLUSION......................................................................................................................7

## TABLE OF AUTHORITIES

**Cases**                                                                                                    **Page(s)**

*AbbVie Inc. v. Boehringer Ingelheim Int'l GmbH*,
 No. CV 17-1065-MSG, 2018 WL 2337133 (D. Del. May 23, 2018) .................................................3

*Bounds v. Capital Area Family Violence Intervention Center, Inc.*,
 314 F.R.D. 214 (M.D. La. 2016) ...................................................................................................3

*Katz v. Batavia Marine & Sporting Supplies, Inc.*,
 984 F.2d 422 (Fed. Cir. 1993) ................................................................................................ 3, 4, 6

*Micro Motion, Inc. v. Kane Steel Co.*,
 894 F.2d 1318 (Fed. Cir. 1990) .............................................................................................. 4, 5, 6

**Other Authorities**

Fed. R. Civ. P. 11 ............................................................................................................................ 1, 3

Fed. R. Civ. P. 26 ............................................................................................................................ passim

Fed. R. Civ. P. 45 ............................................................................................................................ 3

**INTRODUCTION**

The power to subpoena third parties is a power granted to counsel with the understanding that they will use this power responsibly and in good faith. Just as lawsuits should not be filed without a Rule 11 basis, subpoenas—which by definition involve non-parties—should only be served when there is a good faith basis to believe that the subpoenaed party has relevant information. Over the past three weeks, FG SRC has served over 80 identical subpoenas on a seemingly random group of Xilinx customers. FG SRC has made clear that it will not stop there and there are additional subpoenas in the pipeline, to be served in the next two weeks. FG SRC has no evidence that these customers practice the asserted patent or that they even considered practicing the asserted patent.

While Xilinx did not initially oppose a reasonable number of subpoenas, it has now become clear that FG SRC is using the third party subpoena process not in the search of legitimate evidence, but rather as a tool to harass Xilinx's customers and disrupt Xilinx's business. Indeed, these 80+ subpoenas have likely already generated hundreds of thousands of dollars in legal costs for Xilinx's customers for absolutely no discernable purpose, as FG SRC has no plausible basis for believing that *any* of these customers use the functionality of the Asserted Patent. In light of FG SRC's abuse of the discovery process, Xilinx moves this court for a protective order pursuant to Federal Rule of Civil Procedure 26(c). Specifically, Xilinx requests that FG SRC be ordered to stop serving third party subpoenas to Xilinx's customers and that it withdraw any subpoenas for which it cannot demonstrate a concrete basis for an alleged belief that the customer practices the asserted patent.

**BACKGROUND**

As this Court is aware, in a letter brief dated February 9, 2022, FG SRC sought a list of *all* customers who purchased *any* of the Accused Products. D.I. 107. In its February 10th responsive

1

letter brief, Xilinx raised concerns that FG SRC would use that list not to pursue legitimate discovery but rather to harass Xilinx's customers with a flood of baseless subpoenas. That concern has now come to pass.

As of March 3, 8, 14, 22, 24, and 28, 2022, FG SRC has provided notice that it has served over 80 subpoenas to customers identified by Xilinx. D.I. 115; D.I. 119; D.I. 120; D.I. 129; D.I. 130; Ex. A (2022-03-28 Notice of Subpoena Duces Tecum). FG SRC has identified no basis in any of the subpoenas to believe that any of the customers are using the accused functionality. FG SRC's choices of third party targets indicates that it has done little to no investigation regarding these third parties before serving these subpoenas. At best, FG SRC's deluge of subpoenas is a costly and baseless fishing expedition; at worst it is an attempt to drive settlement by harassing 80+ Xilinx customers that likely blame Xilinx for having to retain counsel to deal with a subpoena that has no apparent connection to them. Pursuant to Rule 26(c), the parties met and conferred on March 27, 2022 and March 28, 2022 in an attempt to resolve this dispute without court action, but did not reach agreement. *See* Ex. B (2022-03-28 Email from Rafilson to Xilinx); *see also* Ex. F (Declaration of Warren Mabey).

Worse still, FG SRC has also indicated that "[m]ore subpoenas will be served" on Xilinx's customers. Ex. C (Mar. 25, 2022 Email from Rafilson (SRC) to Xilinx).[1] Indeed, just earlier

---

[1] Even during the course of the meet and confer process leading to this motion, FG SRC refused to temporarily refrain from serving additional third party subpoenas, despite delaying the meet and confer process. When counsel for Xilinx first requested a meet and confer on Wednesday, March 23rd, FG SRC's counsel refused to offer availability until Wednesday, March 30th due to a trial schedule. As a professional courtesy, Xilinx's counsel offered on March 24th to wait the full week to meet and confer if FG SRC would agree to refrain from serving additional subpoenas in the interim and proposed, in the alternative, that the parties meet and confer over the weekend. FG SRC refused, instead opting to serve more subpoenas that very day, ignoring Xilinx's request for

today, FG SRC served 26 new subpoenas on customers of Xilinx, despite knowing that Xilinx would be filing the present motion. Ex. A (2022-03-28 Notice of Subpoena Duces Tecum). Further still, FG SRC has filed a motion to amend the case schedule to allow FG SRC five additional months of fact discovery so that it can continue to serve baseless third party subpoenas and harass Xilinx's customers. *See* D.I. 117.

## ARGUMENT

Federal district courts are empowered to issue orders, for good cause, "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including orders forbidding certain disclosures or discovery. Fed. R. Civ. P. 26(c); *see also Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("[T]he potential for discovery abuse is ever-present, and courts are authorized to limit discovery to that which is proper and warranted in the circumstances of the case."). A protective order under Rule 26 may be granted to protect the moving party from harm even if the movant would not be able to challenge the discovery sought under a different Rule, such as a challenge to a third-party subpoena under Rule 45. *Bounds v. Capital Area Family Violence Intervention Center, Inc.*, 314 F.R.D. 214, 218 (M.D. La. 2016) ("[A] party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena."). "Four factors guide the evaluation of good cause: 'relevance, need, confidentiality and harm.'" *AbbVie Inc. v. Boehringer Ingelheim*

---

a weekend meet and confer, and merely offering a new meet and confer date on Tuesday, March 29th, which would have been six days after Xilinx requested the meet and confer. In light of FG SRC's refusal to cooperate even during the interim and its assertion that it intends to serve more subpoenas, Xilinx's counsel had no choice but to demand a weekend meet and confer. *See* Ex. F (Declaration of Warren Mabey).

3

*Int'l GmbH*, No. CV 17-1065-MSG, 2018 WL 2337133, at *1 (D. Del. May 23, 2018) (quoting *Mannington Mills, Inc. v. Armstrong World Industries, Inc.*, 206 F.R.D. 525, 529 (D. Del. 2002)).

Even if the information sought is potentially relevant, discovery is not allowed "where no need is shown, or where compliance is unduly burdensome, or where the potential harm caused by production outweighs the benefit." *Id.* Further, Rule 26(g) requires a party who issues a discovery request in a case to perform a reasonable inquiry *before* issuing it, and, similar to the certification under Rule 11, certify that the request is nonfrivolous and is "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 26(g). In other words, a party who has "put forth not a shred of evidence . . . based on its reasonable inquiry" and instead relies only on their "unfounded suspicion" cannot be allowed to remain "unmoored and trolling," and their discovery request should be barred. *Micro Motion, Inc. v. Kane Steel Co.*, 894 F.2d 1318, 1327 (Fed. Cir. 1990).

Here, FG SRC has chosen to harass Xilinx's customers and damage Xilinx's business by issuing a torrent of subpoenas that are "not proper and warranted in the circumstances of the case." *Katz*, 984 F.2d at 424. Xilinx has already identified the set of customers for which there is a basis to believe that they could possibly be using the accused functionality. Based on those customers' responses to FG SRC's earlier subpoenas in September 2021, it appears that they do not in fact use the accused functionality—or, in one case, developed and sold the accused functionality prior to the filing of the Asserted Patent. D.I. 108. If FG SRC has a cognizable basis for believing that any other Xilinx customer may program their FPGAs as FG SRC alleges, then an additional subpoena to each of those customers may be warranted. But FG SRC has no such information. Instead, FG SRC is simply randomly subpoenaing customers without basis or regard.

4

FG SRC is understandably frustrated that it cannot identify any customers to establish direct infringement for purposes of its indirect infringement claims against Xilinx. However, FG SRC cannot now seek discovery from countless additional third parties—customers for whom FG SRC has ***no*** basis to believe that the accused functionality may be utilized—in a desperate attempt to develop a case where none exists. In other words, FG SRC cannot rely solely on their "unfounded suspicion" that some customer, somewhere, might directly infringe a highly specific and rarely used method or system simply because they purchase products from Xilinx—products that notably the customer itself would have to especially program to operate in the accused manner in order to practice the asserted patent. FG SRC must "put forth [at least] a shred of evidence" to indicate that any of the subpoenaed Xilinx customers program their FPGAs to use the accused functionality. *Micro Motion*, 894 F.2d at 1327. FG SRC has not done so.

Moreover, any plausible benefit to FG SRC—for example, the remote possibility that one of these 80+ third parties might program their FPGAs to use the accused functionality—does not and cannot outweigh the serious harm in requiring all of these third parties (80+ and counting) to respond to these frivolous subpoenas. The serious harm also extends to Xilinx's business, its business relationships with its customers, and the drain on its resources in needing to address inquiries from its customers in light of these subpoenas. These subpoenas will likely generate hundreds of thousands of dollars in legal costs, and the imposition of those costs directly harms Xilinx's customers' willingness to continue doing business with Xilinx. Given that no subpoenaed party to date has located or produced ***any*** information or documents indicating that it practices the accused functionality—except for the one that was identified by Xilinx and predates the patent (D.I. 108; *see, e.g.,* Ex. D (Illumina's Objections and Responses to FG SRC's Sep. 10, 2021 Subpoena); Ex. E (Ericsson's Objections and Responses to FG SRC's March 3, 2022 Subpoena)),

these extreme costs far outweigh the remote chance that one of the remaining third parties or a yet-to-be-served third party practices the accused functionality. FG SRC should not be allowed to continue on this groundless fishing expedition that is aimed only at harassing Xilinx's customers and directly harming Xilinx's business and relationships.

Finally, the scattershot nature of FG SRC's choices in selecting third party targets for its subpoenas indicates that FG SRC did not perform the "reasonable inquiry" required by Rule 26(g). The subpoenas are predominantly directed to large US government contractors and extremely well known companies such as Apple and Google, despite FG SRC being completely unable to point to any plausible indication that the targets of their subpoenas even considered the accused functionality, let alone took steps to implement it. Some of the subpoenas are directed to companies who only distribute components, such as Mouser Electronics, Inc., despite the fact that such distributors distribute the products and are unlikely to implement any functionality on the products, much less the onerous amount of configuration and programming required to program the accused functionality. FG SRC can, at best, "have only a suspicion of infringement by" the targets of their subpoenas. *Micro Motion*, 894 F.2d at 1327. But an "unfounded suspicion regarding [a nonparty's] infringement does not support discovery into that subject matter." *Id*.

FG SRC's conduct amounts to nothing more than discovery abuse of the very nature that a Rule 26 protective order is intended to prevent. *See* Fed. R. Civ. P. 26(c); *see also Katz v. Batavia Marine & Sporting Supplies, Inc.*, 984 F.2d 422, 424 (Fed. Cir. 1993) ("[T]he potential for discovery abuse is ever-present, and courts are authorized to limit discovery to that which is proper and warranted in the circumstances of the case."). "While the expression 'fishing expedition' has been generally denigrated as a reason for objecting to discovery, in some situations, such as the one at hand, it remains apt." *Micro Motion*, 894 F.2d at 1327.

## CONCLUSION

For the foregoing reasons, Xilinx respectfully requests that the Court grant its Motion for Protective Order by ordering that FG SRC immediately stop serving third party subpoenas to Xilinx's customers and that FG SRC withdraw any third party subpoenas for which it cannot demonstrate a concrete basis for an alleged belief that the customer practices the asserted patent. Xilinx further requests that the Court grant such other and further relief to which Xilinx and its customers may be entitled.

| | |
|---|---|
| Dated: March 28, 2022 | FISH & RICHARDSON P.C. |

By: /s/ *Warren K. Mabey, Jr.*
Warren K. Mabey, Jr. (#5775)
222 Delaware Avenue, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-5070
Email: mabey@fr.com

David M. Hoffman
111 Congress Avenue, Suite 810
Austin, TX 78701
Telephone: (512) 472-5070
Email: dhoffman@fr.com

Esha Bandyopadhyay
Bryan K. Basso
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Email: bandyopadhyay@fr.com
basso@fr.com

Ashley A. Bolt
1180 Peachtree Street NE, 21st Floor
Atlanta, GA 30309
Telephone: 404-879-7229
Email: bolt@fr.com

Ryan M. Teel
1000 Maine Avenue, S.W., Suite 1000
Washington, DC 20024
Telephone: (202) 783-5070
Email: teel@fr.com

Daniel H. Wade
One Marina Park Drive
Boston, MA 02210
Telephone: (617) 542-5070
Email: wade@fr.com

***Attorneys for Defendant, Xilinx, Inc.***