# Exhibit C

| | |
|---|---|
| **From:** | Ari Rafilson <arafilson@shorechan.com> |
| **Sent:** | Friday, March 25, 2022 4:09 PM |
| **To:** | Esha Bandyopadhyay |
| **Cc:** | David Hoffman; Michael Shore; Will Ellerman; Paul Beeler; Corey Lipschutz |
| **Subject:** | RE: Xilinx/FG SRC: Case Schedule |

[This email originated outside of F&R.]

Esha,

FG SRC appreciates Xilinx's offer to compromise. However, for the reasons outlined below, two months is insufficient time to complete foreign or domestic discovery.

Regarding foreign discovery, FG SRC currently intends to take discovery of three foreign entities: Nokia, Ericsson, and Napatech A/S.  As noted in our Opening Brief, the Central Authority for Finland, where Nokia is located, estimates 3-6 months for execution of foreign discovery under the Hague Convention. We hope a similar timeframe will apply for Sweden and Denmark where Ericsson and Napatech A/S are respectively located.  Five months is the minimum length of extension needed to accomplish this discovery, and that assumes cooperation from the third parties.

Regarding domestic discovery, to date FG SRC has served 55 domestic subpoenas, each of which has set an initial compliance date of 30 days from issuance. More subpoenas will be served in the next two weeks. For subpoenas served by April 1, 2022, the response date will be approximately May 1, 2022, assuming no extensions. Almost every respondent has requested a two to four week extension to object or respond. This will place most response dates around May 15, 2022. There will likely be objections. Assume another 2 weeks to attempt to work out objections and we are at June 1, 2022. For those objections that cannot be worked out, motion practice will take another 45 days (again assuming no extensions), so we are now into mid-July. Then we would have to obtain hearing dates, so again assume a magistrate and a 30 day time frame to obtain a hearing. We are now in mid-August. The hearing will allow some time to respond based upon the rulings, so assuming another 30 days, we are in mid-September. We need to study the produced materials to determine who, if anyone, needs to be deposed, and then work out that schedule, so likely now mid-October. That information would need to be ultimately incorporated into expert reports.

FG SRC knows the above schedule is realistic because we have already received numerous requests for extension of the compliance deadline, including some seeking extensions that fall beyond the current discovery cut-off. These requests are from entities that seem inclined to cooperate with our subpoenas, but we anticipate that many of the third parties will resist our subpoenas and require negotiation and/or enforcement action in various compliance jurisdictions because the purpose of the subpoenas is to prove the respondents infringe – something that does not engender a cooperative attitude.

Despite having served subpoenas weeks or months ago, we are still negotiating with Amazon, IBM, and Microsoft regarding our subpoenas from last September. Like we did with Xilinx, FG SRC prefers to make the effort to work cooperatively and exhaust negotiations with third parties before burdening them and the courts involved with enforcement actions. Considering all of these factors, FG SRC believes a five-month extension is reasonable.

FG SRC will compromise in the interest of mutual cooperation to four months, but with three conditions:

1. Any discovery started before the deadline can be completed (productions of subpoenaed materials and a follow up Rule 30(b)(6) deposition);

2. Any fact discovery that concludes after the original expert reporting deadlines can be used to supplement expert reports without leave of court if the supplement is based upon later arriving fact discovery from third parties who were subpoenaed during the fact discovery period as extended; and
3. FG SRC will not be considered to have waived or be otherwise be estopped from seeking an additional extension of fact discovery if it can show good cause and diligence for any additional extension.

We believe this is a limited, reasonable request. We believe the Court will grant the five month extension based upon the facts. If a four month extension under these conditions is acceptable, please let us know and we will inform the Court and prepare the stipulation.

Best Regards,

Ari

---

**From:** Esha Bandyopadhyay <esha@fr.com>
**Sent:** Thursday, March 24, 2022 3:22 PM
**To:** Ari Rafilson <arafilson@shorechan.com>
**Cc:** David Hoffman <Hoffman@fr.com>
**Subject:** Xilinx/FG SRC: Case Schedule

CAUTION: External Email!

Ari-

As you know, we do not believe that a five month extension to the fact discovery period is appropriate or warranted. In light of the large number of topics contained in SRC's most recent 30(b)(6) notice to Xilinx, we do believe an extension of one month would make sense. However, in the interest of compromise on your motion to amend the scheduling order, Xilinx might be willing to agree to a two month extension, resulting in a new fact discovery cutoff of Friday, July 1st. If SRC is agreeable, then it can withdraw its pending motion before its March 28th deadline to file a reply in response to Xilinx's opposition.

Please let me know by tomorrow if SRC opposes a one month extension and/or is willing to compromise at two months.

Best regards,
Esha

---
**Esha Bandyopadhyay :: Principal :: Fish & Richardson P.C.**
500 Arguello Street, Suite 400, Redwood City, CA 94063
650 839 5088 direct :: 650 704 3443 mobile

```
***************************************************************************************
************************
This email message is for the sole use of the intended recipient(s) and may contain confidential
and privileged information. Any unauthorized use or disclosure is prohibited. If you are not the
intended recipient, please contact the sender by reply email and destroy all copies of the original
message.
***************************************************************************************
************************
```