# Exhibit D

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

|  |  |
|---|---|
| FG SRC, LLC,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>XILINX, INC.,<br><br>　　　　　　Defendant. | Case No.  1:20-cv-00601-LPS |

## Non-Party Illumina, Inc.'s Objections and Responses to Plaintiff FG SRC, LLC's Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, Non-party Illumina, Inc. ("Illumina") objects and responds Plaintiff FG SRC LLC's ("FG SRC") Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action ("Subpoena") served September 10, 2021, as follows:

## I.   GENERAL RESPONSES

**1.** Illumina reserves the right to supplement and amend its objections and responses to the Subpoena.

**2.** The objections and responses set forth below are based on Illumina's reasonable interpretation of the Subpoena, and Illumina reserves the right to supplement or amend its objections and responses should FG SRC assert an interpretation that differs from Illumina's interpretation or if conferences of counsel change Illumina's interpretation.

**3.** Illumina's objections and responses shall not be interpreted as implying that responsive information exists and is in the possession, custody, or control of Illumina or that Illumina acknowledges the appropriateness of the Subpoena.

## II.    GENERAL OBJECTIONS

1.    Illumina objects to the Subpoena on the ground that it seeks information beyond the scope of permissible discovery because it seeks documents that are neither relevant to the subject matter of the above-identified patent infringement suit nor proportional to the needs of that case, considering the importance of the issues at stake, the amount in controversy, the respective relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and the burden and expense of the proposed discovery outweighing its likely benefit.

2.    Illumina objects to the Subpoena on the ground that the cost of responding to the requests imposes a burden upon Illumina that greatly exceeds the value to FG SRC of obtaining the requested documents and information.

3.    Illumina objects to the Subpoena on the ground that it is overbroad and not narrowly tailored so as to avoid imposing an undue burden and expense on Illumina as required by Federal Rules of Civil Procedure 45(d)(1).

4.    Illumina objects to the Subpoena on the ground that the cost of responding to the requests imposes an undue burden upon Illumina; moreover, that burden greatly exceeds the value to FG SRC of obtaining the requested documents and information.

5.    Illumina objects to the Subpoena to the extent it seeks information that is already in the possession, custody, or control of FG SRC.

6.    Illumina objects to the Subpoena to the extent it seeks information that is obtainable from another source that is more convenient, less burdensome, and/or less expensive, including publicly available sources or from parties to the above-identified patent infringement suit, or calls for discovery that can be as easily obtained by FG SRC as by Illumina.  Illumina is not a party to this dispute and should not be subjected to any burdens that could be borne by the actual litigants.

7.    Illumina objects to the Subpoena to the extent that it sets forth requests that are duplicative of one another or seek duplicative information.

8.    Illumina objects to the Subpoena to the extent it seeks information beyond

Illumina's possession, custody, or control.

9.     Illumina objects to the production of electronically stored information ("ESI") from sources that are not reasonably accessible because of undue burden and/or cost, including, but not limited to, metadata, dynamic or transitory data, voice mail, instant messages, and information stored and maintained on backup storage media.  Illumina further objects to the preservation of such ESI.  To the extent that Illumina maintains certain ESI in backup form, the cost and time required to restore such ESI would be prohibitively expensive, so any such information is not reasonably accessible.  Illumina reserves the right to produce ESI in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

10.     Illumina objects to the Subpoena on the ground that the definition of "Illumina," "You," and "Your" is vague, ambiguous, overbroad, and unduly burdensome.  Illumina will limit its responses only to Illumina, Inc.

11.     Illumina objects to the Subpoena on the ground that the definition of "Xilinx" and "Defendant" is vague, ambiguous, overbroad, and unduly burdensome.  Illumina will limit its responses only to Xilinx, Inc.

12.     Illumina objects to the Subpoena on the ground that the definition of "Document(s)" is vague, ambiguous, overbroad, and unduly burdensome.  Illumina further objects to the Subpoena on the ground that the definition of "Document(s)" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

13.     Illumina objects to the Subpoena on the ground that the definition of "Accused Products" is overbroad and unduly burdensome.  Illumina further objects to the Subpoena on the ground that the definition of "Accused Products" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

14.     Illumina objects to the Subpoena on the ground that the definition of "Self-Refresh Functionality" is vague, ambiguous, overbroad, and unduly burdensome.  Illumina further objects to the Subpoena on the ground that the definition of "Self-Refresh Functionality" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

15.     Illumina objects to the Subpoena on the ground that the definition of "Source Code" is vague, ambiguous, overbroad, and unduly burdensome.  Illumina further objects to the Subpoena on the ground that the definition of "Source Code" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

16.     Illumina objects to the Subpoena on the ground that the definition of "related to" and "relating to" is vague, ambiguous, overbroad, and unduly burdensome.  Illumina further objects to the Subpoena on the ground that the definition of "Relate," "related," or "relating" imposes obligations beyond those required by the Federal Rules of Civil Procedure.

17.     Illumina objects to the Subpoena to the extent the definition of any terms or phrases calls for a legal conclusion.

18.     Illumina objects to the Subpoena to the extent it is not limited to a relevant and reasonable time period.

19.     Illumina objects to the Subpoena to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, common interest privilege, or any other applicable discovery privilege or immunity.  Illumina construes each request as not seeking such documents or information, and such documents or information shall not be produced in response to the requests.  Any inadvertent disclosure or production thereof shall not be deemed a waiver of any privilege or immunity with respect to such documents or information or of any work-product protection which may attach thereto.  Illumina objects to Instruction No. 5 insofar as it imposes obligations beyond those required by the Federal Rules of Civil Procedure.

20.     Illumina objects to the Subpoena to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.  Illumina will produce documents only subject to the protections of a protective order in the underlying litigation.  Illumina will provide information confidential to any third-party only to the extent it can do so consistent with its obligations to the respective third party or third parties to whom the information is confidential.

**21.** Illumina objects to Instruction Nos. 1-5 of the Requests because they seek to impose obligations beyond or inconsistent with those imposed by Federal Rule of Civil Procedure 45, and would result in undue burden or expense.

**22.** Illumina objects to Instruction No. 6 on the ground that Rule 26(e) of the Federal Rules of Civil Procedure is not applicable to Illumina as a non-party.

**23.** Illumina objects to the Subpoena to the extent it imposes obligations beyond those required by the Federal Rules of Civil Procedure or other applicable law.

### III.    SPECIFIC OBJECTIONS AND RESPONSES

Without waiving or limiting in any manner any of the foregoing General Responses and General Objections, but rather incorporating them into each of the following responses to the extent applicable, Illumina responds to the specific document requests in the Subpoena as follows:

**DOCUMENT REQUEST NO. 1:**

Documents sufficient to show, on a quarterly or monthly basis, the total volume of Accused Products purchased by You during the period from May 27, 2014 to present.

**RESPONSE TO DOCUMENT REQUEST NO. 1:**

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request.  Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware.  Illumina further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1).  Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost.  Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that can be more easily obtained from Xilinx.  Illumina further objects

to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and unduly burdensome.  Illumina further objects to this request as overbroad and unduly burdensome to the extent it seeks information "on a quarterly or monthly basis."  Illumina further objects to this request on the ground that the terms and phrases "sufficient to show" and "total volume" are vague, ambiguous, and undefined.  Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption.  Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.

Subject to and without waiving any of the foregoing objections, Illumina responds that it will not produce documents in response to this request.  Illumina further responds that it is willing to meet and confer with FG SRC regarding this request, to the extent FG SRC is prepared to explain why documents responsive to this request cannot be obtained from the parties to the underlying lawsuit.

### DOCUMENT REQUEST NO. 2:

Documents sufficient to show, on a quarterly or monthly basis, the total amounts paid by You to purchase Accused Products during the period from May 27, 2014 to present.

### RESPONSE TO DOCUMENT REQUEST NO. 2:

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request.  Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware.  Illumina further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1).  Illumina further objects to this request to the extent it seeks production of ESI

from sources that are not reasonably accessible because of undue burden and/or cost.  Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that can be more easily obtained from Xilinx.  Illumina further objects to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and unduly burdensome.  Illumina further objects to this request as overbroad and unduly burdensome to the extent it seeks information "on a quarterly or monthly basis."  Illumina further objects to this request on the ground that the terms and phrases "sufficient to show," "total amounts," and "purchase" are vague, ambiguous, and undefined.  Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption.  Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.  Illumina further objects to this request to the extent that it seeks information that is duplicative of the information sought by Request No. 1.

Subject to and without waiving any of the foregoing objections, Illumina responds that it will not produce documents in response to this request.  Illumina further responds that it is willing to meet and confer with FG SRC regarding this request, to the extent FG SRC is prepared to explain why documents responsive to this request cannot be obtained from the parties to the underlying lawsuit.

**DOCUMENT REQUEST NO. 3:**

Documents sufficient to show each of Your products and/or services that currently incorporates or implements an Accused Product or that previously did so at any time during the period from May 27, 2014 to present.

**RESPONSE TO DOCUMENT REQUEST NO. 3:**

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request.  Illumina also specifically objects to this request as

set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware.  Illumina further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1).  Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost.  Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that can be more easily obtained from Xilinx.  Illumina further objects to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and unduly burdensome.  Illumina further objects to this request on the ground that the terms and phrases "sufficient to show," "products and/or services," "incorporates," and "implements" are vague, ambiguous, and undefined.  Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption.  Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.

Subject to and without waiving any of the foregoing objections, Illumina responds that no Illumina products and/or services currently utilize the Self-Refresh Functionality of any Accused Product (or previously did so during the period from May 27, 2014 to the present).  Accordingly, Illumina will not produce documents in response to this request.

DOCUMENT REQUEST NO. 4:

Documents sufficient to show each of Your products and/or services that currently utilizes the Self-Refresh Functionality of any Accused Product or that previously did so at any time during the period from May 27, 2014 to present.

**RESPONSE TO DOCUMENT REQUEST NO. 4:**

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request.  Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware.  Illumina further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1).  Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost.  Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that can be more easily obtained from Xilinx.  Illumina further objects to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and unduly burdensome.  Illumina further objects to this request on the ground that FG SRC's definition of "Self-Refresh Functionality" is vague, ambiguous, overbroad, and unduly burdensome.  Illumina further objects to this request on the ground that the terms and phrases "sufficient to show," "products and/or services," and "utilizes" are vague, ambiguous, and undefined.  Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption.  Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.  Illumina further objects to this request to the extent that it seeks information that is duplicative of the information sought by Request No. 3.

Subject to and without waiving any of the foregoing objections, Illumina responds that no Illumina products and/or services currently utilize the Self-Refresh Functionality of any Accused Product (or previously did so during the period from May 27, 2014 to the present).  Accordingly,

Illumina will not produce documents in response to this request.

**DOCUMENT REQUEST NO. 5:**

For each of Your products and/or services that utilizes the Self-Refresh Functionality of any Accused Product or that previously did so at any time during the period from May 27, 2014 to present, Documents sufficient to show how Your product and/or services currently utilizes and/or previously utilized such Self-Refresh Functionality.

**RESPONSE TO DOCUMENT REQUEST NO. 5:**

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request. Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware. Illumina further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1). Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that can be more easily obtained from Xilinx. Illumina further objects to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and unduly burdensome. Illumina further objects to this request on the ground that FG SRC's definition of "Self-Refresh Functionality" is vague, ambiguous, overbroad, and unduly burdensome. Illumina further objects to this request on the ground that the terms and phrases "sufficient to show," "products and/or services," and "utilizes" are vague, ambiguous, and undefined. Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information

protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Illumina further objects to this request to the extent that it seeks information that is duplicative of the information sought by Request Nos. 3 and 4.

Subject to and without waiving any of the foregoing objections, Illumina responds that no Illumina products and/or services currently utilize the Self-Refresh Functionality of any Accused Product (or previously did so during the period from May 27, 2014 to the present). Accordingly, Illumina will not produce documents in response to this request.

**DOCUMENT REQUEST NO. 6:**

Any source code co-developed by You and Xilinx or developed, in whole or in part, by You or Xilinx related to the utilization of the Self-Refresh Functionality of any Accused Product by or for any of Your products and/or services.

**RESPONSE TO DOCUMENT REQUEST NO. 6:**

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request. Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware. Illumina further objects to this request on the ground that it is overbroad as to subject matter and not sufficiently limited in time frame, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1). Illumina further objects to this request to the extent it seeks information not in the possession, custody, or control of Illumina. Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that can be more easily obtained from Xilinx. Illumina further objects to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and unduly burdensome.

Illumina further objects to this request on the ground that FG SRC's definition of "Self-Refresh Functionality" is vague, ambiguous, overbroad, and unduly burdensome.  Illumina further objects to this request as overly broad and unduly burdensome to the extent it seeks "[a]ny source code." Illumina further objects to this request on the ground that the terms and phrases "source code," "co-developed," "developed," "in whole or in part," "utilization," and "products and/or services" are vague, ambiguous, and undefined.  Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption.  Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.

Subject to and without waiving any of the foregoing objections, Illumina responds that no Illumina products and/or services currently utilize the Self-Refresh Functionality of any Accused Product (or previously did so during the period from May 27, 2014 to the present).  Accordingly, Illumina will not produce documents in response to this request.

DOCUMENT REQUEST NO. 7:

Documents sufficient to show all assistance and/or support provided by Xilinx to You related to the utilization of the Self-Refresh Functionality of any Accused Product by or for any of Your products and/or services. For clarity, such Documents include, but are not limited to, (1) project descriptions, (2) support tickets, and (3) training and instruction.

RESPONSE TO DOCUMENT REQUEST NO. 7:

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request.  Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware.  Illumina further objects to this request on the ground that it is overbroad as to subject matter and not sufficiently limited in time

frame, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1). Illumina further objects to this request to the extent it seeks information not in the possession, custody, or control of Illumina. Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that can be more easily obtained from Xilinx. Illumina further objects to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and unduly burdensome. Illumina further objects to this request on the ground that FG SRC's definition of "Self-Refresh Functionality" is vague, ambiguous, overbroad, and unduly burdensome. Illumina further objects to this request as overly broad and unduly burdensome to the extent it seeks information regarding "[a]ll assistance and/or support." Illumina further objects to this request on the ground that the terms and phrases "sufficient to show," "assistance," "support," "provided," utilization," "project descriptions," "support tickets," and "training and instruction" are vague, ambiguous, and undefined. Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.

Subject to and without waiving any of the foregoing objections, Illumina responds that no Illumina products and/or services currently utilize the Self-Refresh Functionality of any Accused Product (or previously did so during the period from May 27, 2014 to the present). Accordingly, Illumina will not produce documents in response to this request.

**DOCUMENT REQUEST NO. 8:**

All Documents exchanged between You and Xilinx related to any utilization of the Self-Refresh Functionality of any Accused Product by or for any of Your products and/or services.

**RESPONSE TO DOCUMENT REQUEST NO. 8:**

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request.  Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware.  Illumina further objects to this request on the ground that it is overbroad as to subject matter and not sufficiently limited in time frame, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1).  Illumina further objects to this request to the extent it seeks information not in the possession, custody, or control of Illumina.  Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost.  Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that can be more easily obtained from Xilinx.  Illumina further objects to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and unduly burdensome.  Illumina further objects to this request on the ground that FG SRC's definition of "Self-Refresh Functionality" is vague, ambiguous, overbroad, and unduly burdensome.  Illumina further objects to this request as overly broad and unduly burdensome to the extent it seeks "[a]ll Documents."  Illumina further objects to this request on the ground that the terms and phrases "exchanged," "utilization," and "products and/or services" are vague, ambiguous, and undefined.  Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption.  Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.  Illumina further objects to this request to the extent that it seeks information that is duplicative of the information sought by Request No. 7.

Subject to and without waiving any of the foregoing objections, Illumina responds that no Illumina products and/or services currently utilize the Self-Refresh Functionality of any Accused Product (or previously did so during the period from May 27, 2014 to the present). Accordingly, Illumina will not produce documents in response to this request.

**DOCUMENT REQUEST NO. 9:**

Documents sufficient to show any customer demand for Your products and/or services to utilize the Self-Refresh Functionality of any Accused Product.

**RESPONSE TO DOCUMENT REQUEST NO. 9:**

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request. Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware. Illumina further objects to this request on the ground that it is overbroad as to subject matter and not sufficiently limited in time frame, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1). Illumina further objects to this request to the extent it seeks information not in the possession, custody, or control of Illumina. Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that is publicly available or can be more easily obtained from Xilinx. Illumina further objects to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and unduly burdensome. Illumina further objects to this request on the ground that FG SRC's definition of "Self-Refresh Functionality" is vague, ambiguous, overbroad, and unduly burdensome. Illumina further objects to this request on the ground that the terms and phrases "sufficient to show," "customer demand," "products and/or services," and "utilize" are vague, ambiguous, and undefined. Illumina further objects to this request to the extent it seeks

information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.

Subject to and without waiving any of the foregoing objections, Illumina responds that no Illumina products and/or services currently utilize the Self-Refresh Functionality of any Accused Product (or previously did so during the period from May 27, 2014 to the present). Accordingly, Illumina will not produce documents in response to this request.

DOCUMENT REQUEST NO. 10:

For each of Your products and/or services that utilizes the Self-Refresh Functionality of any Accused Product or that previously did so at any time during the period from May 27, 2014 to present, Documents sufficient to show the basis for Your decision to have such product and/or service utilize such Self-Refresh Functionality.

RESPONSE TO DOCUMENT REQUEST NO. 10:

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request. Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware. Illumina further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1). Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that can be more easily obtained from Xilinx. Illumina further objects to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and

unduly burdensome. Illumina further objects to this request on the ground that FG SRC's definition of "Self-Refresh Functionality" is vague, ambiguous, overbroad, and unduly burdensome. Illumina further objects to this request on the ground that the terms and phrases "products and/or services," "utilizes," "sufficient to show," "basis," and "decision" are vague, ambiguous, and undefined. Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order. Illumina further objects to this request to the extent that it seeks information that is duplicative of the information sought by Request Nos. 4 and 5.

Subject to and without waiving any of the foregoing objections, Illumina responds that no Illumina products and/or services currently utilize the Self-Refresh Functionality of any Accused Product (or previously did so during the period from May 27, 2014 to the present). Accordingly, Illumina will not produce documents in response to this request.

**DOCUMENT REQUEST NO. 11:**

For each of Your products and/or services that utilizes the Self-Refresh Functionality of any Accused Product or that previously did so at any time during the period from May 27, 2014 to present, Documents sufficient to show, on a quarterly or monthly basis, the total volume of such product and/or service sold by You from May 27, 2014 to present.

**RESPONSE TO DOCUMENT REQUEST NO. 11:**

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request. Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware. Illumina further objects to this

request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1).  Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost.  Illumina further objects to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and unduly burdensome.  Illumina further objects to this request on the ground that FG SRC's definition of "Self-Refresh Functionality" is vague, ambiguous, overbroad, and unduly burdensome.  Illumina further objects to this request as overbroad and unduly burdensome to the extent it seeks information "on a quarterly or monthly basis."  Illumina further objects to this request on the ground that the terms and phrases "products and/or services," "utilizes," "sufficient to show," "total volume," and "sold" are vague, ambiguous, and undefined.  Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption.  Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.

Subject to and without waiving any of the foregoing objections, Illumina responds that no Illumina products and/or services currently utilize the Self-Refresh Functionality of any Accused Product (or previously did so during the period from May 27, 2014 to the present).  Accordingly, Illumina will not produce documents in response to this request.

DOCUMENT REQUEST NO. 12:

For each of Your products and/or services that utilizes the Self-Refresh Functionality of any Accused Product or that previously did so at any time during the period from May 27, 2014 to present, Documents sufficient to show, on a quarterly or monthly basis, Your total revenues, price realized, gross profits, operating profits, and net profits from sales of such product and/or service from May 27, 2014 to present.

**RESPONSE TO DOCUMENT REQUEST NO. 12:**

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request.  Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware.  Illumina further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1).  Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost.  Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that is publicly available.  Illumina further objects to the Subpoena on the ground that FG SRC's definition of "Accused Products" is overbroad and unduly burdensome.  Illumina further objects to this request on the ground that FG SRC's definition of "Self-Refresh Functionality" is vague, ambiguous, overbroad, and unduly burdensome.  Illumina further objects to this request as overbroad and unduly burdensome to the extent it seeks information "on a quarterly or monthly basis."  Illumina further objects to this request on the ground that the terms and phrases "products and/or services," "utilizes," "sufficient to show," "total revenues," "price realized," "gross profits," "operating profits," "net profits," and "sales" are vague, ambiguous, and undefined.  Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption.  Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.  Illumina further objects to this request to the extent that it seeks information that is duplicative of the information sought by Request No. 11.

Subject to and without waiving any of the foregoing objections, Illumina responds that no

Illumina products and/or services currently utilize the Self-Refresh Functionality of any Accused Product (or previously did so during the period from May 27, 2014 to the present). Accordingly, Illumina will not produce documents in response to this request.

DOCUMENT REQUEST NO. 13:

All Documents exchanged between You and any third party, including by [sic] not limited to Xilinx or Intel, related to the Lawsuit.

RESPONSE TO DOCUMENT REQUEST NO. 13:

Illumina specifically incorporates the General Responses and General Objections set forth above to the extent applicable to this request. Illumina also specifically objects to this request as set forth herein.

Illumina objects to this request on the ground it seeks information not relevant to the above-identified patent infringement suit filed in the District of Delaware. Illumina further objects to this request on the ground that it is overbroad as to subject matter, and not narrowly tailored so as to avoid imposing undue burden and expense on Illumina as required by Federal Rule of Civil Procedure 45(d)(1). Illumina further objects to this request to the extent it seeks production of ESI from sources that are not reasonably accessible because of undue burden and/or cost. Illumina further objects to this request to the extent it seeks "[a]ll Documents." Illumina further objects to this request to the extent it seeks information not in the possession, custody, or control of Illumina. Illumina further objects to this request to the extent it calls for information that is equally accessible to FG SRC, including information that can be more easily obtained from Xilinx. Illumina further objects to this request on the ground that the terms and phrases "exchanged," "third party," and "Intel" are vague, ambiguous, and undefined. Illumina further objects to this request to the extent it seeks information protected by the attorney-client privilege, the work-product doctrine, or any other applicable discovery privilege or exemption. Illumina further objects to this request to the extent it seeks documents containing trade secrets, proprietary commercial information, or other sensitive or confidential information protected by constitutional, statutory, or common-law rights of privacy, any confidentiality agreement or obligations, or any applicable order.

Subject to and without waiving any of the foregoing objections, Illumina responds that it will not produce documents in response to this request.

Dated: October 12, 2021

COOLEY LLP
DANIEL J. KNAUSS (CA Bar 267414)

_____
Daniel J. Knauss (CA Bar 267414)
Attorney for Non-Party Illumina, Inc.