# Exhibit E

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

FG SRC LLC,

      Plaintiff,

v.                                        Civil Action No. 1:20-cv-0601-LPS

XILINX, INC.,

      Defendant.

## NON-PARTY ERICSSON INC.'S OBJECTIONS AND RESPONSES TO SUBPOENA

TO ALL PARTIES:

    Non-Party Ericsson Inc. ("Ericsson") objects and responds to a March 3, 2022 subpoena issued by Plaintiff in the above-styled case ("Subpoena").

## OBJECTIONS TO SUBPOENA, DEFINITIONS, AND INSTRUCTIONS

    1.    Ericsson objects to the Subpoena to the extent it requests information from entities other than Ericsson or its subsidiaries, parents, or affiliates.  Other than its wholly owned subsidiaries, Ericsson does not have control or authority to compel or produce any documents in the possession, custody, or control of other entities, particularly those that are not located in the United States and/or not subject to the jurisdiction of this Court.  *See, e.g.*, *Dugan v. Lloyds TSB Bank, PLC*, 12-CV-2549, 2013 WL 4758055, at *2-*3 (N.D. Cal. Sept. 4, 2013).  Further, Ericsson objects to the Subpoena to the extent that it seeks discovery from Ericsson's foreign parent or affiliated companies. Any such discovery efforts should follow the appropriate foreign procedures.

    2.    Ericsson objects to the Subpoena to the extent that the Subpoena seeks information that is attainable from the parties to the litigation or publicly available.  Parties should first obtain discovery from their opponents before burdening a non-party with discovery requests. *See, e.g.*, *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (holding that a district court can properly require a party to seek discovery from its party opponent before burdening a

non-party with a subpoena); *Medcorp, Inc. v. Pinpoint Techs., Inc.*, 08-CV-00867, 2009 WL 2194036, at *4 (D. Colo. July 14, 2009) ("When, as here, discovery identified in the subpoena duces tecum is sought from non-parties, the status of a person as a non-party is a factor of which weighs against disclosure. Given the short period of time in which third-parties have to respond to such subpoenas, particularly when compared to parties to litigation, this level of discovery is not appropriate."); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 638 (C.D. Cal. 2005) ("Moreover, these requests all pertain to defendant, who is a party, and, thus, plaintiffs can more easily and inexpensively obtain the documents from defendant, rather than from nonparty KSA."); *Med. Components, Inc. v. Classic Med., Inc.*, 210 F.R.D. 175, 180 n.9 (M.D.N.C. 2002) ("The current generally prevailing view is that the Court may first consider whether information should be obtained by direct discovery from a party, as opposed to from a non-party, and that the court should give special weight to the unwanted burden thrust upon non-parties when evaluating the balance of competing needs.").

3.      Ericsson objects to the Subpoena to the extent it seeks information or documents that are subject to the attorney-client privilege, work product doctrine, joint defense or common interest privilege, any agreement between parties, any Court Order or any other privilege, immunity, or protection provided by law, or that are trial preparation materials (collectively, "Privileged Materials"). No Privileged Materials will be produced or disclosed.  Disclosure, inadvertently or otherwise, of any information subject to any such privilege, protection or doctrine should not constitute or be deemed to constitute a waiver of any privilege or other immunity from production.  Ericsson does not currently believe that any relevant documents would be privileged, but reserves the right to assert any applicable privileges or exemptions to any particular requests if it later ascertains that some or all of the requested information is protected by privilege,

particularly based on the scope of the requests.

4.      Ericsson objects to the Subpoena and to each request propounded because it does not allow Ericsson an adequate time to respond to the requests therein and/or produce any responsive documentation within the time parameters given, FED. R. CIV. P. 45(d), and to the extent the place for production is more than 100 miles from Ericsson's principal place of business where those documents are located, FED. R. CIV. P. 45(c), including any responsive documents (within Ericsson's control) located in jurisdictions outside of the continental United States.  *See W. Coast Life Ins. Co. v. Life Brokerage Partners, LLC*, 09-CV-126-SLR, 2010 WL 181088, at *1-*3 (D. Del. Jan. 19, 2010); *Hallamore Corp. v. Capco Steel Corp.*, 259 F.R.D. 76, 79-80 (D. Del. 2009).

5.      Ericsson objects to the Subpoena because it requires the production of electronic information, including meta-data, that is beyond the scope of discovery and is unreasonably expensive and time consuming to collate and produce.  *Straight Path IP Group, Inc. v. Blackberry Ltd.*, 2014 U.S. Dist. LEXIS 92787 (N.D. Cal., July 8, 2014).

6.      Ericsson further objects to the Subpoena and the individual requests therein because it causes an undue burden on Ericsson to search for, review for privilege and proprietary information, and produce the broad scope of documents Plaintiffs seek.  *See Straight Path IP Group, Inc.*, 2014 U.S. Dist. LEXIS 92787.  Based on the scope of the discovery requests, and Ericsson's status as a non-party to this proceeding, Ericsson reserves the right to quash the subpoena if Plaintiffs do not address the Subpoena's burden.  *Linder v. Calero-Portocarrero,* 183 F.R.D. 314, 322-23 (D.C. Cir. 1998), *aff'd*, 251 F.3d 178, 182 (D.C. Cir. 2001).

7.      Because its anticipated costs in responding to the Subpoena are significant, Ericsson further seeks to shift to Plaintiffs the costs of responding to the subpoena pursuant to Fed. R. Civ. P. 45. *Linder v. Calero-Portocarrero*, 251 F.3d at 182 (fee-shifting mandatory if subpoena

imposes significant costs on non-party). This burden includes Ericsson's reasonable and necessary attorneys' fees in collecting, collating and reviewing said documents and responding to the Subpoena. *See, e.g., Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th Cir. 2013) ("Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of compliance with a subpoena, if those costs are significant."); *Phillip M. Adams & Assocs., L.L.C. v. Fujitsu Ltd.*, 05-CV-64 TS, 2010 WL 1064429, at *3-4 (D. Utah Mar. 18, 2010); *R.J. Reynolds Tobacco v. Philip Morris, Inc.*, 29 Fed. App'x 880, 882-83 (3d Cir. 2002); *Guy Chem. Co. v. Romaco AG*, 243 F.R.D. 310, 313 (N.D. Ind. 2007); *ATLC, Ltd. v. Eastman Kodak Co.*, 06-CV-416, 2006 WL 3422413, at *2 (M.D. Fla. Nov. 28, 2006); *In re New Eng. Carpenter Health Benefits Fund*, 06-MC-4017, 2006 WL 3050806, at *2 (C.D. Ill. Oct. 24, 2006); *Pacific Gas and Elec. Co. v. Lynch*, 2002 WL 32812098, *3-4 (N.D. Cal. Aug. 19, 2002) (ordering plaintiff to reimburse third-party for at least $20,000 in fees and costs in complying with subpoena); *see also In re: Auto. Refinishing Paint Antitrust Litig.*, 229 F.R.D. 482, 496 (E.D. Pa 2005) (ordering plaintiff to compensate a non-party for the cost of producing documents in response to a subpoena, specifically noting that a nonparty's legal fees, especially where the work benefits the requesting party, have been considered a reimbursable cost of complying with a subpoena); *In re: Application of the Law Firms of McCourts and McGrigor Donald,* 2000 U.S. Dist. LEXIS 20287, *7-8 (S.D.N.Y. 2001) (ordering that non-party "will be required to produce the requested documents only after receiving in advance the reasonably estimated costs of production, including the attorney's fees to be incurred by respondents in reviewing and selecting the documents to be produced."); *Williams v. City of Dallas*, 178 F.R.D. 103, 113 (N.D. Tex. 1998); *Compaq Computer Corp. v. Packard Bell Elecs., Inc.,* 163 F.R.D. 329, 339-40 (N.D. Cal. 1995) (ordering defendant to compensate a non-party for the time spent by the non-party's employees, including in-house paralegals, in sitting for

depositions and searching for, reviewing, and producing documents in response to a subpoena); *Kisser v. Coalition for Religious Freedom,* 1995 U.S. Dist. LEXIS 9719, *5 (E.D. Pa. 1995) (a non-party "is entitled to have reasonable costs of production, inspection and copying of documents paid by the deposing party.").

8.      Ericsson objects to the Subpoena to the extent it purports to impose obligations beyond those imposed by the Federal Rules of Civil Procedure, including, without limitation, Fed. R. Civ. P. 26, 34, and 45, the Federal Rules of Evidence, the Delaware District Local Rules, or any Court Order.

9.      Ericsson has not concluded its investigation of facts or the discovery of information and documents relating to Subpoena. Accordingly, Ericsson's responses are based on Ericsson's current knowledge and reasonable beliefs. Ericsson reserves the right to modify, alter, amend, or supplement any of its objections and responses to the Subpoena based on any subsequently obtained facts, information, or documents.

10.     Nothing contained in these objections and responses is an admission by Ericsson concerning the existence or nonexistence of any information or documents, and no objection or response is an admission regarding the relevance or admissibility of any information or documents or the truth or accuracy of any statement in the Subpoena.

11.     Ericsson objects to each Request to the extent it purports to require Ericsson to produce information relating to Ericsson's trade secrets.

12.     Ericsson objects to the extent that the Subpoena and requests, by virtue of the definitions or otherwise, seek to define any person or entity other than Ericsson as having a duty to respond or provide information. These Requests are being answered by and on behalf of Ericsson.

13.      Ericsson responds to each request, to the extent no objection is made, based on Ericsson's interpretation and understanding of the request.

14.      Ericsson objects to the Subpoena to the extent that it seeks the disclosure of information or documents that Ericsson is not permitted to disclose pursuant to confidentiality obligations or agreements with others, or other agreements or any applicable law having privacy, confidentiality or non-disclosure provisions which prohibit the disclosure by Ericsson of another's information.

15.      Ericsson objects to the Subpoena to the extent it seeks information or documents that are not proportional to the needs of the case, or are otherwise not discoverable under Fed. R. Civ. P. 26 and 34. Ericsson reserves the right to redact any irrelevant information from any documents produced in response to the Subpoena.

16.      Ericsson objects to the Subpoena to the extent it purports to seek information that is already within Plaintiff or Defendants' possession, custody, or control, or equally available to Plaintiff or Defendants, or that Plaintiff can obtain from the parties to this lawsuit.

17.      Ericsson objects to the Subpoena to the extent it relates to patents not at issue in the underlying litigation, including U.S. patents and non-European patents.

18.      Ericsson objects to the Subpoena to the extent it is vague, ambiguous, does not identify with particularity the information sought, or are otherwise incomprehensible.

19.      Ericsson objects to the Subpoena to the extent it assumes that Ericsson has possession, custody, or control over any other entity's documents or information.

20.      Ericsson objects to the Subpoena to the extent that it purports to assume that Ericsson has documents or information responsive to each request.

21.      Ericsson objects to the Subpoena to the extent it is overly broad or unduly

burdensome in that the burden or expense of complying with any request outweighs its likely benefits.

22.     Ericsson objects to the Subpoena to the extent it purports to require Ericsson to log Privileged Materials.

23.     Ericsson objects to the Subpoena to the extent that it purports to require Ericsson to search for and produce documents that are not maintained in a reasonably accessible form (e.g., backup tapes).

24.     Ericsson expressly reserves the right to amend or supplement its responses at any time.  Nothing in Ericsson's general objections, specific objections or responses shall be construed as waiving any right or objection or admitting the competency, relevancy, materiality or admissibility into evidence of the documents or information sought in any request, or Ericsson's written response thereto.  Ericsson's specific objections in response to a request shall not be construed as a waiver or restriction of any other general objection applicable to the information falling within the scope of such request.

## **RESPONSE TO DOCUMENT REQUESTS**

Ericsson responds to the following production requests subject to and expressly conditioned upon each of the foregoing objections, as if repeated in response to each request.

1.  Documents sufficient to show, on a quarterly or monthly basis, the total volume of Accused Products purchased by You during the period from October 2015 to present.

**Response:**  Ericsson objects to this request to the extent it is overly broad, unduly burdensome, and seeks broad information that is either not proportional to the case or not reasonably calculated to lead to the discovery of admissible evidence.  Ericsson further objects to this request because it seeks information that is confidential and proprietary to Ericsson such that Ericsson, as a non-party to the Protective Order in place in this lawsuit, may not be adequately protected by such provisions.

Ericsson objects to this request because it does not allow adequate time for compliance and to the extent it requires Ericsson to expend inordinate costs, fees and employee time to respond to the request, and is therefore burdensome under FED. R. CIV. P. 45, or should be obtained from Defendant in the lawsuit.

      2.    Documents sufficient to show, on a quarterly or monthly basis, the total amounts paid by You to purchase Accused Products during the period from October 2015 to present.

**Response**:  Ericsson objects to this request to the extent it is overly broad, unduly burdensome, and seeks broad information that is either not proportional to the case or not reasonably calculated to lead to the discovery of admissible evidence.  Ericsson further objects to this request because it seeks information that is confidential and proprietary to Ericsson such that Ericsson, as a non-party to the Protective Order in place in this lawsuit, may not be adequately protected by such provisions. Ericsson objects to this request because it does not allow adequate time for compliance and to the extent it requires Ericsson to expend inordinate costs, fees and employee time to respond to the request, and is therefore burdensome under FED. R. CIV. P. 45, or should be obtained from Defendant in the lawsuit.

      3.    Documents sufficient to show each of Your products and/or services that currently incorporates or implements an Accused Product or that previously did so at any time during the period from October 2015 to present.

**Response**:  Ericsson objects to this request to the extent it is overly broad, unduly burdensome, and seeks broad information that is either not proportional to the case or not reasonably calculated to lead to the discovery of admissible evidence.  Ericsson further objects to this request because it seeks information that is confidential and proprietary to Ericsson such that Ericsson, as a non-party to the Protective Order in place in this lawsuit, may not be adequately protected by such provisions.

Ericsson objects to this request because it does not allow adequate time for compliance and to the extent it requires Ericsson to expend inordinate costs, fees and employee time to respond to the request, and is therefore burdensome under FED. R. CIV. P. 45, or should be obtained from Defendant in the lawsuit.

      4. Documents sufficient to show each of Your products and/or services that currently utilizes the Self-Refresh Functionality of any Accused Product or that previously did so at any time during the period from October 2015 to present.

**Response:** Ericsson objects to this request to the extent it is overly broad, unduly burdensome, and seeks broad information that is either not proportional to the case or not reasonably calculated to lead to the discovery of admissible evidence. Ericsson further objects to this request because it seeks information that is confidential and proprietary to Ericsson such that Ericsson, as a non-party to the Protective Order in place in this lawsuit, may not be adequately protected by such provisions. Ericsson objects to this request because it does not allow adequate time for compliance and to the extent it requires Ericsson to expend inordinate costs, fees and employee time to respond to the request, and is therefore burdensome under FED. R. CIV. P. 45, or should be obtained from Defendant in the lawsuit.

      Subject to these objections, based on Ericsson's interpretation of the scope of the requests for relevant information, Ericsson does not currently believe that it has any responsive documents, but will continue its search and supplement this response if it later ascertains that it is in the possession, custody, or control of such information.

      5. For each of Your products and/or services that utilizes the Self-Refresh Functionality of any Accused Product or that previously did so at any time during the period from October 2015 to present, Documents sufficient to identify any code, software, development tools, platforms, or other resources provided by or obtained from Xilinx and utilized, incorporated, or implemented by or in Your product or service, including

without limitation Documents sufficient to identify any Xilinx IP cores used for such product or service and what Vivado Design Suite, if any, was used in the development of the product or service.

**Response:**  Ericsson objects to this request to the extent it is overly broad, unduly burdensome, and seeks broad information that is either not proportional to the case or not reasonably calculated to lead to the discovery of admissible evidence.  Ericsson further objects to this request because it seeks information that is confidential and proprietary to Ericsson such that Ericsson, as a non-party to the Protective Order in place in this lawsuit, may not be adequately protected by such provisions. Ericsson objects to this request because it does not allow adequate time for compliance and to the extent it requires Ericsson to expend inordinate costs, fees and employee time to respond to the request, and is therefore burdensome under FED. R. CIV. P. 45, or should be obtained from Defendant in the lawsuit.

Subject to these objections, based on Ericsson's interpretation of the scope of the requests for relevant information, Ericsson does not currently believe that it has any responsive documents, but will continue its search and supplement this response if it later ascertains that it is in the possession, custody, or control of such information.

6.   Documents sufficient to show all assistance and/or support provided by Xilinx to You related to the utilization of the Self-Refresh Functionality of any Accused Product by or for any of Your products and/or services. For clarity, such Documents include, but are not limited to, (1) project descriptions, (2) support tickets, and (3) training and instruction.

**Response:**  Ericsson objects to this request to the extent it is overly broad, unduly burdensome, and seeks broad information that is either not proportional to the case or not reasonably calculated to lead to the discovery of admissible evidence.  Ericsson further objects to this request because it seeks information that is confidential and proprietary to Ericsson such that Ericsson, as a non-party to the Protective Order in place in this lawsuit, may not be adequately protected by such provisions.

Ericsson objects to this request because it does not allow adequate time for compliance and to the extent it requires Ericsson to expend inordinate costs, fees and employee time to respond to the request, and is therefore burdensome under FED. R. CIV. P. 45, or should be obtained from Defendant in the lawsuit.

Subject to these objections, based on Ericsson's interpretation of the scope of the requests for relevant information, Ericsson does not currently believe that it has any responsive documents, but will continue its search and supplement this response if it later ascertains that it is in the possession, custody, or control of such information.

7. All Documents exchanged between You and Xilinx related to any utilization of the Self Refresh Functionality of any Accused Product by or for any of Your products and/or services.

**Response:** Ericsson objects to this request to the extent it is overly broad, unduly burdensome, and seeks broad information that is either not proportional to the case or not reasonably calculated to lead to the discovery of admissible evidence.  Ericsson further objects to this request because it seeks information that is confidential and proprietary to Ericsson such that Ericsson, as a non-party to the Protective Order in place in this lawsuit, may not be adequately protected by such provisions. Ericsson objects to this request because it does not allow adequate time for compliance and to the extent it requires Ericsson to expend inordinate costs, fees and employee time to respond to the request, and is therefore burdensome under FED. R. CIV. P. 45, or should be obtained from Defendant in the lawsuit.

Subject to these objections, based on Ericsson's interpretation of the scope of the requests for relevant information, Ericsson does not currently believe that it has any responsive documents, but will continue its search and supplement this response if it later ascertains that it is in the possession, custody, or control of such information.

8.  All Documents exchanged between You and any third party, including but not limited to Xilinx, related to the Lawsuit.

**Response:**  Ericsson objects to this request to the extent it is overly broad, unduly burdensome, and seeks information that is protected by the attorney-client communications privilege or work product doctrine.  Ericsson further objects to this request because it seeks information that is confidential and proprietary to Ericsson such that Ericsson, as a non-party to the Protective Order in place in this lawsuit, may not be adequately protected by such provisions.  Ericsson objects to this request because it does not allow adequate time for compliance and to the extent it requires Ericsson to expend inordinate costs, fees and employee time to respond to the request, and is therefore burdensome under FED. R. CIV. P. 45, or should be obtained from Defendant in the lawsuit.

Subject to these objections, Ericsson does not currently believe that it has any non-privileged and responsive documents, but will continue its search and supplement this response if it later ascertains that it is in the possession, custody, or control of such information.

Respectfully submitted,

VASSAR, McCOWN, DEAR & SICOTTE, L.L.P.
15851 Dallas Parkway, Suite 525
Addison, Texas 75001
(972) 371-2411
(972) 371-2410 – Telecopier

By:_____/s/ *Jim McCown*_____
        James M. McCown
        jmccown@vmdslaw.com
        State Bar No. 00788002

ATTORNEYS   FOR   NON-PARTY   ERICSSON INC.

## <u>CERTIFICATE OF SERVICE</u>

I certify that I have served a copy of the foregoing document on the following counsel of record by electronic mail on March 16, 2022:

Paul T. Beeler
Shore Chan LLP
pbeeler@shorechan.com

William D. Ellerman
Shore Chan LLP
wellerman@shorechan.com

David M. Hoffman
Fish & Richardson, P.C.
hoffman@fr.com

      /s/ *Jim McCown*
James M. McCown