

Fish & Richardson P.C.
222 Delaware Avenue
17th Floor
P.O. Box 1114
Wilmington, DE 19899-1114

302 652 5070 main
302 652 0607 fax

**Warren K. Mabey, Jr.**
Principal
mabey@fr.com
302 778 8456  direct

April 11, 2022

The Honorable William C. Bryson
United States Court of Appeals
717 Madison Place, N.W.
Washington, DC 20439

Re:     *FG SRC LLC v. Xilinx, Inc.*, No. 20-cv-00601-WCB

Dear Judge Bryson:

I write in response to the Court's directive "to advise the court by letter whether [the parties] wish any portions of" the sealed order entered at D.I. 146 to remain under seal. Xilinx requests that the number "▮▮▮▮▮▮▮" in footnote 1 on page 6 of the order remain under seal. D.I. 146 at 6 n.1 ("suggesting that because Nokia Oyj has 'over $▮▮▮▮▮▮▮ in purchases of Accused Products,' it is likely 'that at least some portion of those Accused Products are used in an infringing manner.'"). I have attached to this letter a copy of the order with that requested redaction.

The number reflects information that has been designated "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" pursuant to the terms of the Protective Order governing this case. *See* D.I. 153. Xilinx requests that the Court maintain the confidential treatment of this information because it reflects Xilinx's nonpublic confidential business information that is the type of information that Xilinx maintains in confidence in light of the highly competitive technologies market. Commercially sensitive and proprietary information, such as the requested redaction, from which competitors could identify Xilinx's commercial interests, embodies content which, if disclosed, would likely harm Xilinx's competitive standing in the marketplace. If this information were to become available, its competitors could and would likely use that information in the highly competitive technologies product marketplace. In particular, disclosure of such specific "CONFIDENTIAL -- OUTSIDE COUNSEL ONLY" information would permit competitors to undercut or otherwise counter Xilinx's and third-party commercial performance. Competitors would improperly benefit from the disclosure of Xilinx's and third-party confidential information to unfairly enhance their market positions. Protection of a party's interest in confidential commercial information is a sufficient threat of irreparable harm, and is a clearly defined serious injury that warrants the sealing of court documents. *See Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1071 (3d Cir. 1984); *In re Gabapentin Pat. Litig.*, 312 F. Supp. 2d 653, 664 (D.N.J. 2004) (noting that "[a] well-settled exception to the right of access is the 'protection of a party's interest in confidential commercial information'"). Once confidential commercial information is disclosed to the public, it can never again be sealed or maintained as private.



April 11, 2022
Page 2

Accordingly, Xilinx requests that the number "████████" in footnote 1 on page 6 of the order remain under seal.  D.I. 146 at 6 n.1.  Xilinx's request is narrowly tailored to minimize, if not eliminate, any abridgement of the public's right of access to judicial proceedings and records.  Even with the requested redaction, the public will be fully able to understand the substance of the parties' dispute, and the Court's resolution of that dispute.  No less restrictive alternative to the relief sought is available.

Xilinx has conferred with SRC and SRC has confirmed that it does not object and has no additional proposed redactions.

Respectfully submitted,

*/s/ Warren K. Mabey, Jr.*

Warren K. Mabey, Jr.

Enclosure: Redacted Copy of D.I. 146


cc: Counsel of Record (via Electronic Mail)