IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| FG SRC LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 20-00601-WCB |
| | § | |
| XILINX, INC. | § | |
| | § | |
| Defendant. | § | |
| | § | |

**ORDER**

On May 2, 2022, the parties brought this discovery dispute to the court, and on May 6, 2022, I held a telephonic hearing regarding the dispute. Pursuant to Fed. R. Civ. P. 36(a)(1)(B), plaintiff FG SRC LLC ("SRC") served on defendant Xilinx, Inc., a 3,604-page document entitled "First Requests for Admission of Authenticity." Dkt. No. 157-1. The document contained 23,688 requests for admission ("RFAs"), one for each document produced by Xilinx to date in this case. For purposes of satisfying any authentication issues that may arise at trial, SRC requested that Xilinx admit the genuineness of all 23,688 documents. Xilinx sought relief from the requirement to answer SRC's requests on the ground that the request is "abusive, unreasonable, and oppressive." Dkt. No. 158 at 3.

In response, SRC points out that the scheduling order in this case states that while a maximum of 35 requests for admission are permitted for each side, there is no limit on the number of requests for admission the parties may serve to establish the authenticity of documents. Dkt. No. 38 at 4. SRC states that it would be willing to stipulate to the authenticity of all the documents it produces if Xilinx will do the same.

1

Xilinx argues that the burden of determining the authenticity of all 23,688 documents it has produced to date would be crushing. Many of those documents, according to Xilinx, are not documents generated by Xilinx, but instead are documents generated by third parties that happen to be in the possession of Xilinx. Determining the authenticity of those documents, Xilinx argues, would be especially difficult. Xilinx further contends that it is highly likely that the vast bulk of the materials produced by Xilinx will not be used at trial, and that verifying the authenticity of those documents would be pointless. SRC does not deny that conducting a document-by-document determination as to the authenticity of all materials produced by Xilinx would be burdensome, but argues that because the scheduling order does not limit the number of RFAs that a party may serve, SRC's request is proper.

It is well settled that Rule 36 is not a discovery rule as such, but instead is a trial management tool. As the Third Circuit has noted, "[t]he purpose of Rule 36(a) is to narrow the issues for trial to those which are genuinely contested." *United Coal Cos. v. Power Const. Co.*, 839 F.2d 958, 967 (3d Cir. 1988); *see also Iron Workers Loc. No. 60 Annuity Pension Fund. v. Solvay Iron Works, Inc.*, No. 5:15-CV-0054, 2017 WL 1458772, at *3 (N.D.N.Y. April 24, 2017) ("RFAs are not discovery tools, but rather serve to narrow or reduce the issues for trial."); *T. Rowe Price Small-Cap Fund v. Oppenheimer & Co.*, 174 F.R.D. 38, 42 (S.D.N.Y. 1997) ("Rule 36 is not a discovery device. The purpose of the rule is to reduce the costs of litigation by eliminating the necessity of providing facts that are not in substantial dispute, to narrow the scope of disputed issues, and to facilitate the presentation of cases to the trier of fact."); *Diederich v. Dep't of the Army*, 132 F.R.D. 614, 616 (S.D.N.Y. 1990) ("[T]he purpose of Requests for Admission[] is not necessarily to obtain information but to narrow issues for trial.").

Although the number of RFAs that may be served is not limited by the Federal Rules, courts have regularly entertained arguments directed to the reasonableness of the number of requests in particular cases. In some cases, courts have permitted the use of relatively large numbers of RFAs. *See, e.g.*, *Layne Christensen Co. v. Purolite Co.*, No. 09-cv-2381, 2011 WL 381611, at *6 (D. Kan. Jan. 25, 2011) (permitting 277 RFAs to be served on one defendant and 329 RFAs to be served on another defendant); *Murphy v. Gospel for ASIA, Inc.*, No. 5:17-CV-5035, 2017 WL 5593783, at *2 (W.D. Ark. Nov. 21, 2017) (citing cases in which courts approved numbers of RFAs including 573, 626, 826, 1351, and 1441). However, courts have refused to compel responses to larger numbers of RFAs. *See, e.g.*, *Misco, Inc. v. U.S. Steel Corp.*, 784 F.2d 198, 205 (6th Cir. 1986) (1,440 RFAs); *Wigler v. Elec. Data Sys. Corp.*, 108 F.R.D. 204, 207 (D. Md. 1985) (1,664 RFAs). The same type of analysis has been applied in the specific context of requests for admissions of authenticity under Rule 36(a)(1)(B). *See, e.g.*, *Berry v. Federated Mut. Ins. Co.,* 110 F.R.D. 441, 442–43 (N.D. Ind. 1986) (permitting the service of 244 RFAs); *Sevenson Env't Servs., Inc. v. Shaw Grp., Inc.*, No. 02CV527, 2005 WL 8173529, at *4 (W.D.N.Y. Jan. 27, 2005) (vacating "over 2500" RFAs, many of which were directed to questions of authenticity).

When asked to research whether there have been any cases in which a court has authorized a party to demand admissions of authenticity with regard to more than 2,000 documents, SRC was unable to come up with any such cases. Nor have I discovered any. Yet the number of documents for which SRC has demanded that Xilinx admit authenticity is more than an order of magnitude greater than the highest number authorized in any previous reported case.

As one court has observed, "[c]ourts routinely disallow requests for admission that run into the hundreds on the grounds that they are abusive, unreasonable, and oppressive." *Robinson v. Stanley*, No. 06 C 5158, 2009 WL 3233909, at *2 (N.D. Ill. Oct. 8, 2009). SRC's service of 23,688

requests for admission is objectively unreasonable. *See Tamas v. Fam. Video Movie Club, Inc.*, 301 F.R.D. 346, 347–48 (N.D. Ill. 2014) (holding that the service of 29,440 RFAs (or 14,720 RFAs after the defendant offered to reduce the number of requests) was "unduly burdensome on the responding Plaintiffs and their counsel"). While the objective of seeking to narrow the issues by obviating authentication disputes at trial is laudable, serving an RFA for the entire production of documents by Xilinx at this early stage of the proceedings is unjustifiably burdensome. Accordingly, I will direct that Xilinx need not respond to the current RFAs. Instead, when the parties have developed their final exhibit lists, SRC will be permitted to serve revised RFAs on Xilinx seeking authentication of those materials produced by Xilinx that are on SRC's exhibit list.[1] The same applies to materials produced by SRC that are on Xilinx's exhibit list. The court's procedures for reviewing the parties' exhibit lists prior to trial will ensure that the number of exhibits on those exhibit lists will be reasonable.

With respect to documents that are both generated and produced by Xilinx, Xilinx indicated at the teleconference that it was unlikely to challenge the authenticity of any of those documents. I will hold Xilinx to that representation, and accordingly I will treat any documents that are both generated and produced by a party as being prima facie authentic and will require a substantial

---

[1] SRC explained during the telephonic hearing that it served its RFAs when it did because of concern that the service of RFAs would not be permitted after the cutoff for fact discovery. As SRC noted, there is a division among district courts as to whether requests for admission are subject to fact discovery deadlines. *See generally Wyles v. Sussman*, 445 F. Supp. 3d 751, 756–57 (C.D. Cal. 2020); *Joseph L. v. Conn. Dep't of Children & Families*, 225 F.R.D. 400, 402–03 (D. Conn. 2005) (citing cases); *compare O'Neill v. Medad*, 166 F.R.D. 19, 21 (E.D. Mich. 1996)("[R]equests for admission are distinct from other general discovery devices and are not subject to discovery cutoff dates."), *with Gluck v. Ansett Austl. Ltd.*, 204 F.R.D. 217, 219 (D.D.C. 2001) (RFAs are subject to discovery cutoff dates). Although fact discovery in this case is set to close on October 3, 2022, as part of the resolution of this dispute I advised the parties that I will not treat the requests for admission regarding authenticity as being governed by that deadline.

evidentiary showing by the producing party if that party seeks to prove that any such documents are not authentic.

    IT IS SO ORDERED.

    SIGNED this 6th day of May, 2022.

                                            WILLIAM C. BRYSON
                                            UNITED STATES CIRCUIT JUDGE